City of DAYTON, Appellant,

v.

WHITING, Appellee.

[Cite as *Dayton v. Whiting* (1996), 110 Ohio App.3d 115.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 15432.

Decided March 29, 1996.

116

*J. Anthony Sawyer* and *Susan S. Silberstein,* for appellant.

*Victor A. Hodge,* for appellee.

WOLFF, Judge.

The city of Dayton appeals from a judgment of the Montgomery County Court of Common Pleas, which affirmed an order of the Dayton Civil Service Board ("DCSB") to reinstate Jimmie Whiting as a city employee.

Whiting worked for the city in the Division of Recreation and Parks, Department of Human and Neighborhood Resources. As a result of one charge of misconduct with three specifications, Whiting was discharged from his position effective December 15, 1993. The charge and specifications were based upon allegations that Whiting had made an unauthorized purchase of approximately $850 worth of trees and shrubs from A. Brown and Sons Nursery and had signed the purchase order with another city employee's signature. Whiting appealed his dismissal to the DCSB, which conducted evidentiary hearings on January 18, May 5, May 24, and June 20, 1994. The DCSB disaffirmed the city's dismissal of Whiting and ordered him reinstated to city service.

The city appealed the DCSB's decision to the common pleas court "pursuant to R.C. 124.34 * * * and (R.C. Chapters) 2505 and 2506." (The city's appellate brief makes it clear that its appeal was pursuant to R.C. 2506.01 *et seq.*) The city filed the transcript of the hearings held before the DCSB with the trial court on September 20, 1994. On February 27, 1995, the case was referred to a referee pursuant to Civ.R. 53. The version of Civ.R. 53 germane to this appeal is the pre-July 1995 version. The referee did not take any additional evidence in the matter before filing her report on May 2, 1995. In her report, the referee recommended that the trial court affirm the DCSB's order. The city filed objections to the referee's report. To aid its ruling on the city's objections, the trial court requested that the parties file memoranda and attach affidavits and exhibits. The city filed a memorandum but did not attach any affidavits or exhibits. Instead, the city directed the court to the transcript of the DCSB's hearings. On July 26, 1995, the trial court overruled the city's objections and adopted the referee's report.

The city asserts four assignments of error. We address these assignments in the order which facilitates our discussion, rather than in the order of their presentation.

"III. The trial court committed prejudicial error when it failed to independently consider the evidence before adopting the referee's report."

This case involves an administrative appeal to the court of common pleas which was referred to a referee, rather than being reviewed by the trial court itself in the first instance. In that respect, this case is unusual. We have found only two other cases which are procedurally similar. See *Tallmadge v. Shenigo* (Oct. 11, 1995), Summit App. No. 17145, unreported, 1995 WL 599038; *State ex rel.*

*Harpley Builders v. City of Akron* (Aug. 22, 1990), Summit App. No. 14468, unreported, 1990 WL 121127. Neither case, however, addresses the issues before us in this case, nor have either of the parties directed us to a case that does discuss these issues.

Given the procedural history of this case, we must discuss the functions of the trial court and the referee under the pre-July 1995 version of Civ.R. 53. See 67 Ohio Official Reports CXXXIII. Typically, after a case has been referred to a referee pursuant to Civ.R. 53, the referee will conduct an evidentiary hearing and submit proposed findings of fact and conclusions of law to the trial court based upon the evidence presented. Civ.R. 53(D)(1)–(3) and (E)(1). Either party may then file objections to the referee's report. The trial court will rule upon the objections before entering its own judgment. Civ.R. 53(E)(2).

In entering its own judgment, the trial court must conduct a *de novo* review of the facts and conclusions contained in the referee's report. *DeSantis v. Soller* (1990), 70 Ohio App.3d 226, 232, 590 N.E.2d 886, 890. Indeed, "[i]t is the primary duty of the court, and not the referee, to act as a judicial officer. * * * As was stated in the 1970 Staff Note to Civ.R. 53: ' * * * [r]ule 53 contemplates that a referee *shall aid the court* in the expedition of the court's business and *not be a substitute* for the functions of the court.' " (Emphasis *sic*.) *Normandy Place Assoc. v. Beyer* (1982), 2 Ohio St.3d 102, 105, 2 OBR 653, 655, 443 N.E.2d 161, 164; see, also, *Hartt v. Munobe* (1993), 67 Ohio St.3d 3, 6, 615 N.E.2d 617, 620–621. Thus, the referee and the trial court have separate roles: the referee acts as the initial fact finder and issue resolver, while the trial court acts as the ultimate fact finder and issue resolver.

The matter referred in this case, however, involved an appeal from an administrative decision, rather than a matter which originated in the trial court. The DCSB had conducted evidentiary hearings and made findings of fact—which were actually a summary of the testimony—and conclusions of law in its order. The DCSB's conclusions of law were that the city had failed to establish the charge and specifications against Whiting by a preponderance of the evidence. Therefore, before this case was referred to the referee, the DCSB had already performed much of what would be the referee's function in the typical case. Thus, the referee's report to the trial court was not based upon evidence which had first been presented to the referee. Rather, the referee's report was based upon her analysis of the evidence which had been presented to the DCSB and the DCSB's order.

R.C. 2506.03 provides as follows:

"(A) The hearing of such appeal shall proceed as in the trial of a civil action, but the court shall be confined to the transcript as filed pursuant to section

2506.02 of the Revised Code unless it appears, on the face of the transcript or by affidavit filed by the appellant, that one of the following applies."

None of the statutory exceptions to confining the appeal to the administrative transcript apply here.

R.C. 2506.04 provides in part as follows:

"The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision * * *."

The Supreme Court has elaborated on the trial court's scope of review under the statute:

" 'R.C. 2506.04 requires the court to examine the 'substantial, reliable and probative evidence on the whole record,' which in turn necessitates both factual and legal determinations. Clearly, the function of a Court of Common Pleas in a R.C. Chapter 2506 appeal differs substantially from that of appellate courts in other contexts.' *Cincinnati Bell v. Glendale* (1975), 42 Ohio St.2d 368, 370 [71 O.O.2d 331, 332, 328 N.E.2d 808, 809]. * * * [W]e have held that ' * * * the Court of Common Pleas * * * must give consideration to the entire record * * * and must *appraise* all such evidence as to the credibility of witnesses, the probative character of the evidence and the *weight* to be given it * * *.' (Emphasis added.) *Andrews v. Bd. of Liquor Control* (1955), 164 Ohio St. 275, 58 O.O. 51, 131 N.E.2d 390, paragraph one of the syllabus.

"Thus, it is quite evident that the Court of Common Pleas must weigh the evidence in the record * * * to determine whether there exists a preponderance of reliable, probative and substantial evidence to support the agency decision." *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 207, 12 O.O.3d 198, 201–202, 389 N.E.2d 1113, 1117; *Liberty Sav. Bank v. Kettering* (1995), 101 Ohio App.3d 446, 450, 655 N.E.2d 1322, 1324–1325.

The court may not, however, "blatantly substitute its judgment for that of the agency, especially in areas of administrative expertise." *Dudukovich, supra,* 58 Ohio St.2d at 207, 12 O.O.3d at 202, 389 N.E.2d at 1117; *Lawson v. Foster* (1995), 76 Ohio App.3d 784, 788, 603 N.E.2d 370, 372.

■ Based upon the language of R.C. 2506.03 and 2506.04, and the Supreme Court's elucidation of the scope of review mandated by R.C. 2506.04 in an administrative appeal pursuant to R.C. 2506.01 *et seq.,* we conclude that a referee's review of an administrative agency's decision does not relieve the trial court of its duty under R.C. 2506.04 to itself review the agency's decision when a

party or parties insist that it do so. In our judgment, litigants are entitled to a judge's evaluation of the record in an administrative appeal under R.C. Chapter 2506. In this case, although the referee undertook the review contemplated by R.C. 2506.03 and 2506.04, the referee's review of the DCSB's hearing transcript and order is not a substitute for the trial court's review of the hearing transcript and order.

We are not suggesting that a referee may not consider the issues raised in an administrative appeal. The trial court, however, is required to review the record on appeal in accordance with R.C. 2506.03 and 2506.04 regardless of whether the appeal is initially referred to a referee. Therefore, absent acquiescence of all parties to both the order of reference and to the report and recommendation of the referee, referring an administrative appeal to a referee does not further the purpose of Civ.R. 53 to expedite court matters. (In this case, we need not consider whether a party's complete acquiescence to the order of reference and to the report and recommendation of the referee would foreclose that party from obtaining relief on appeal.)

The city contends under this assignment of error that the trial court committed prejudicial error when it failed to independently consider the evidence in the record before adopting the referee's report. The city argues that because its objections to the referee's report were based on the referee's factual findings, or, more accurately, on the lack of findings, and on the weight of the evidence, the trial court was required to review the transcript of the administrative hearings before adopting the referee's report.

Because we have concluded that the trial court itself was required to review the DCSB's hearing transcript and order regardless of whether the referee had also reviewed them, the question is not only whether the trial court considered the transcript of the administrative hearings before it adopted the referee's report, but whether the trial court reviewed the DCSB's hearing transcript and resulting order in accordance with R.C. 2506.03 and 2506.04 prior to adopting the referee's report. In order to determine this, we must consider the trial court's disposition of the city's three objections to the referee's report.

First, the city objected to the referee's failure to make any findings of fact. With respect to this objection, the trial court concluded that it could not review the referee's factual findings because no transcript had been filed. As noted above, however, the city had filed a transcript of the DCSB's hearings with the trial court and had directed the court's attention to the transcript in its memorandum to the court. As the city had filed the transcript of the administrative hearings and the trial court was required under R.C. 2506.04 to examine the entire record, the trial court should have reviewed the transcript of the hearings held before the DCSB.

█ The city's next objection was that the referee did not apply the standard of review set forth in R.C. 2506.04 when it recommended that the trial court affirm the DCSB's order. The trial court concluded that "as stated in R.C. 2506.04, the Court does *not* find [the] Referee's Report to be 'unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record.' The appropriate standard was applied, therefore, the City's second contention is without merit." (Emphasis *sic.*)

The foregoing is not the appropriate standard for review of an administrative decision by the trial court. It is clear that the trial court reviewed the referee's report, and not the DCSB's order, and applied the administrative appeal review standard in R.C. 2506.04 to the referee's report. Having concluded that the referee's review of the DCSB's hearing transcript and order is not a substitute for the trial court's own review of the hearing transcript and order, we hold that the trial court's review of the referee's report, which is based on the referee's review of the DCSB's order, is also insufficient to satisfy the review contemplated by the statute.

█ The city's final objection was to the referee's determination of the weight of the evidence with respect to conflicting witness testimony. The trial court found that this contention was without merit because "the necessary deference was granted by the Referee to the Civil Service Board with regard to conflicting testimony. *It was the Board's duty to weigh the conflicting evidence,* and the Referee rightfully found that this was accomplished within the confines of R.C. 2506.04." (Emphasis added.) While we agree with the trial court that the DCSB must weigh the conflicting evidence before it, the trial court itself must also "weigh the evidence in the record" when it reviews the DCSB's order based upon that evidence. *Dudukovich, supra,* 58 Ohio St.2d at 207, 12 O.O.3d at 202, 389 N.E.2d at 1117.

The trial court concluded its opinion with the following statement:

"After a careful review of the Referee's Report and the memorandum filed by the parties, the Court finds that the Appellant, City of Dayton's objections are not well taken and are hereby overruled."

The record in this case affirmatively demonstrates that the trial court did not review the DCSB's hearing transcript and order as required by R.C. 2506.04 and as insisted upon by the city. Accordingly, the third assignment of error is sustained.

"I. The trial court committed prejudicial error when it adopted the referee's report which failed to make an independent analysis of the issues and to apply appropriate rules of law in reaching a judgment order."

■ The city contends that the referee's report did not comply with the dictates of Civ.R. 53. Specifically, the city argues that the referee's report failed to set forth sufficient findings of fact from which the trial court could "make an independent analysis of the issues and * * * apply appropriate rules of law in reaching a judgment order." Civ.R. 53(E)(5).

We agree with the city's observation that the reference procedure of Civ.R. 53 contemplates that, after a case has been referred, the referee will conduct an evidentiary hearing and make initial findings of fact based upon the evidence presented at the hearing, and not that the referee will merely review the evidence which was presented before an administrative agency and the agency's decision based upon that evidence. In an appeal under R.C. Chapter 2506, however, the trial court and hence the referee are confined to the transcript of the evidence which was before the administrative agency unless one of the enumerated circumstances in R.C. 2506.03 is applicable. The referee did not hear any additional evidence before issuing her report. Thus, in rendering her report to the trial court, the referee was limited to the transcript of evidence which was before the DCSB when it rendered its decision. Therefore, there were no "findings of fact," as contemplated by Civ.R. 53, for the referee to make.

While in a typical case the city's contention with respect to the referee's insufficient factual findings would be grounds for reversal, see *State ex rel. Bedard v. Lockbourne* (1990), 69 Ohio App.3d 452, 459, 590 N.E.2d 1327, 1331–1332; *Garcia v. Tillack* (1983), 9 Ohio App.3d 222, 223, 9 OBR 372, 373–374, 459 N.E.2d 918, 919–920, this is not a typical case. Accordingly, the assignment of error is overruled.

"II. The trial court committed prejudicial error when it adopted a referee's report which applied erroneous legal standards."

The city contends that the trial court committed prejudicial error when it adopted the referee's report because the referee failed to apply the appropriate standard of review when it recommended that the trial court affirm the DCSB's order.

Under the third assignment of error we concluded that the trial court must review an administrative record and order under R.C. Chapter 2506, regardless of whether the appeal is initially referred to a referee, unless all parties acquiesce in the report and recommendation of the referee. On remand, it is the trial court, and not the referee, which must conduct a review of the DCSB's hearing transcript and order under R.C. 2506.03 and 2506.04. Therefore, we find that this assignment of error is moot, and we will not address it. See App.R. 12(A)(1)(c).

Because this matter will be remanded for consideration by the trial court itself of the administrative record and order, it behooves us to discuss the standard of review to be applied by the trial court.

The DCSB relied on *Cupps v. Toledo* (1961), 172 Ohio St. 536, 18 O.O.2d 82, 179 N.E.2d 70, for the proposition that the city bore the burden of proving the charge and specifications against Whiting by a preponderance of the evidence, and the DCSB further found that the city failed in its burden of proof.

The city argues that on this appeal, in order to affirm the order of the DCSB, the trial court must find that its order is supported by a preponderance of the evidence, citing *Dudukovich.* We believe the city misreads R.C. 2506.04 and misapplies *Dudukovich* where, as here, the appeal to the common pleas court is from an order that *disaffirms* a termination of employment.

■ Because the city had the burden of proving the charge and specifications against Whiting, the order disaffirming the discharge need not be supported by a preponderance of the evidence. Rather, the issue for the trial court is whether, on the whole record, the DCSB acted unreasonably in determining that the city failed to prove the charges by the preponderance of the evidence. See R.C. 2506.04. If it were otherwise, Whiting would have a burden of proof in the trial court that he did not have before the DCSB. The burden of proof as to the charge and specifications against Whiting remains with the city before the trial court on a Chapter 2506 appeal.

"IV. The trial court committed prejudicial error when it adopted the referee's report which affirmed an order of the Dayton Civil Service Board which is not supported by a preponderance of reliable, probative, and substantial evidence on the whole record."

Our disposition of the third assignment of error renders this assignment of error premature, and thus moot. Pursuant to App.R. 12(A)(1)(c), we will not address it.

The judgment of the trial court will be reversed and remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

FAIN and FREDERICK N. YOUNG, JJ., concur.