OPINION
This is an appeal from the Ashtabula County Court of Common Pleas, Juvenile Division. Appellant, Christine Edwards, appeals the trial court's judgment entry of October 26, 1999.
After paternity was established, on October 23, 1997, appellee, father of Dalton, a minor, born on December 8, 1996, filed a complaint for the allocation of his parental rights and responsibilities and a motion for shared parenting. Subsequently, both parties filed pleadings concerning child support, medical cost reimbursement, and the child's custody placement. After several pre-trials and conferences had been conducted, a hearing was held before the magistrate on September 29, 1999. On October 6, 1999, the magistrate issued a decision recommending that appellee be awarded visitation pursuant to Ashtabula County's standard order. On October 14, 1999, appellant filed objections to the magistrate's decision and stated that the objections would be supplemented "upon the filing of the [c]ourt's [f]indings of [f]act and [c]onclusions of [l]aw and the transcript of the hearing of September 29, 1999."[1] On October 26, 1999, the trial court adopted the magistrate's decision and affirmed the decision granting the standard order of visitation to appellee. Appellant timely filed the instant appeal and now asserts the following as error:
 "[1.] The trial court erred to the prejudice of [appellant] in adopting the Magistrate's Decision filed October 6, 1999, by failing to wait for the filing of the transcript of the proceedings and failing to review the completed transcript, in conjunction with the objections filed.
 "[2.] The trial court's determination that appellee should be awarded the court's standard order of visitation with the parties' minor child, is against the manifest weight of the evidence."
In her first assignment of error, appellant claims that the trial court erred in adopting the magistrate's decision without waiting for and reviewing the transcript of the proceedings.
If a party fails to file a transcript of the hearing before the magistrate, the trial court may adopt the magistrate's findings without further consideration. Purpura v. Purpura
(1986), 33 Ohio App.3d 237, 239. However, Civ.R. 53(E)(3)(b) does not require that a transcript be filed simultaneously with the objections. In re Guardianship of Allen (Mar. 31, 2000), Lake App. No. 98-L-261, unreported, at 2, 2000 WL 522282. According to Civ.R. 53(E)(3)(a), a party must file his objections within fourteen days of filing the magistrate's decision. Id. If parties were required to file a transcript at the same time that they filed their objections, their time for filing the objections could pass while they waited for the court reporter to prepare the transcript. Id.
In Helton v. Helton (1994), 102 Ohio App.3d 733, the First District Court of Appeals discussed when the transcript of a magistrate's hearing must be filed by a party objecting to a magistrate's finding of fact. The court stated that:
 "In order for the appellate court to determine whether a * * * judge properly adopted a finding or recommendation of a [magistrate], the pertinent parts of the typed transcript of the [magistrate's] hearing must properly be of record, which means either filed before the hearing on objections to the court, or offered as an exhibit at the hearing on objections. * * * We emphasize the necessity of the pertinent parts of the transcript of the [magistrate's] hearing being presented to the trial court before the court rules on the objections. * * * " Id. at 736-737.
Therefore, the First District noted that a transcript needs to be filed before the trial court rules on the objections even if no hearing on the objections is held. Id. at 737.
Likewise, in Dayton v. Whiting (1996), 110 Ohio App.3d 115, the Second Appellate District remanded a case when it was evident that the lower court, which was conducting an administrative appeal, did not review the agency's hearing transcript. TheWhiting court held that simply reviewing the magistrate's report and the objections was not the type of review envisioned by R.C.2506.04. Id. at 119-120.
We note that the instant matter does not deal with an administrative appeal like Whiting. However, here, the magistrate filed her decision on October 6, 1999. Appellant then timely filed her objections on October 14, 1999, and specifically stated that the objections would be supplemented with a transcript of the hearing before the magistrate. On October 26, 1999, the trial court found no error of law or other defect on the face of the magistrate's decision and adopted it. In its entry, the trial court did not address any of appellant's objections before it granted appellee standard visitation. About two weeks after the trial court had rendered its decision, the transcript from the September 29, 1999 hearing was filed.
It is our view that the trial court erred by adopting the magistrate's decision without ruling on appellant's objections and reviewing the transcript. Appellant satisfied the requirement of Civ.R. 53(E)(3)(b) by filing the transcript of the magistrate's hearing on November 10, 1999. We conclude that the transcript was filed with the court approximately thirty days after appellant's original objections had been filed. We acknowledge that appellant never specifically asked for a continuance in order to submit a transcript. However, the clear import of her objections was to alert the court that she was unable to submit a transcript within the fourteen days contemplated by the rule for the filing of objections. Appellant's request and her ultimate submission was not unreasonable, nor was it untimely under the facts of this case. Furthermore, we note that appellant requested that the trial court file findings of fact and conclusions of law, which the court failed to do. Hence, appellant's first assignment of error has merit.
Since the trial court erred in adopting the magistrate's decision without reviewing the transcript, this matter is remanded so that the court below can review the transcript and render its decision accordingly. Based on the outcome of appellant's first assignment of error, appellant's second assignment of error need not be addressed.
For the forgoing reasons, appellant's first assignment of error has merit, and the judgment of the Ashtabula County Court of Common Pleas, Juvenile Division, is reversed, and this case is remanded for further proceedings consistent with this opinion.
 ___________________________________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., O'NEILL, J., concur.
[1] The transcript was filed by the court reporter on November 10, 1999.