OPINION
Defendant-appellant Sharon Couts (hereinafter "wife") appeals the September 12, 2000 Judgment Entry entered by the Tuscarawas County Court of Common Pleas, General Division, which sustained plaintiff-appellee Robert B. Couts' (hereinafter "husband") objections to the Magistrate's Decision filed May 1, 2000, and adopted the Magistrate's Recommendations with modifications.
 STATEMENT OF THE CASE AND FACTS
Husband and wife were married on February 23, 1996, in Las Vegas, Nevada. Said union was the third marriage for husband and the second marriage for wife. No children were born as issue of the marriage. Husband filed a Complaint for Divorce in the Tuscarawas County Court of Common Pleas, General Division, on May 28, 1999. Wife filed a timely Answer and Counterclaim for Divorce. The magistrate conducted a divorce hearing on April 7, 2000. Via Decision filed May 1, 2000, the magistrate determined wife's share of husband's retirement benefits to be $46,314.38, and recommended a Qualified Domestic Relations Order be established, entitling wife to a lump some distribution of the amount. The magistrate further recommended husband be ordered to pay wife $500/month, as and for spousal support, for 120 months, effective June 1, 2000. Husband filed objections to the magistrate's decision. The trial court conducted an oral hearing on husband's objections on September 5, 2000. Via Judgment Entry filed September 12, 2000, the trial court sustained husband's objections, and adopted, with modifications, the magistrate's decision as the findings of fact and conclusions of law of the trial court. The trial court also adopted, with modification, the recommendations of the magistrate as the final orders of the court. Specifically, the trial court found wife's share of husband's retirement benefits to be $15,930.20, rather than $46,314.28, as found by the magistrate. With respect to spousal support, the trial court reduced the recommended award of $60,000 over a period of 120 months to a lump sum payment of $10,000. It is from the September 12, 2000 Judgment Entry appellant appeals, raising the following assignments of error:
 I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND ABUSED ITS DISCRETION IN MODIFYING APPELLANT'S ENTITLEMENT TO MARITAL PROPERTY CONSISTING OF APPELLEE'S PENSION ACCUMULATED AND EARNED DURING THE MARRIAGE.
 II. THE TRIAL COURT ABUSED ITS DISCRETION IN REDUCING A SIXTY THOUSAND ($60,000.00) DOLLAR SPOUSAL SUPPORT RECOMMENDATION TO THE SUM OF TEN THOUSAND DOLLARS ($10,000.00) WITHOUT ANY EXPLANATION OR FACTUAL JUSTIFICATION.
 I
In her first assignment of error, wife maintains the trial court erred and abused its discretion in modifying her share of husband's retirement benefits accumulated and earned during the marriage. Specifically, wife takes issue with the trial court's modifying the value of husband's pension, after deducting the premarital balance, from $92,628.75, as found by the magistrate, to $31,864.40. Civ.R. 53, which governs magistrates' decisions, provides, in pertinent part:
(E) Decisions in referred matters
* * *
 (4) Court's action on magistrate's decision (a) When effective. The magistrate's decision shall be effective when adopted by the court. The court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision. (b) Disposition of objections. The court shall rule on any objections. The court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter. The court may refuse to consider additional evidence proffered upon objections unless the objecting party demonstrates that with reasonable diligence the party could not have produced that evidence for the magistrate's consideration.
(Emphasis added).
When reviewing a magistrate's decision, a trial court must conduct a de novo review. Dayton v. Whiting (1996), 110 Ohio App.3d 115, 118. In the instant action, the premarital balance of husband's retirement benefits was $80,193.92. The trial court found the contributions made during the marriage totaled $16,338.67. At the time of the divorce, the balance of the retirement fund was $172,822.63. The trial court determined the fund, exclusive of the contributions made during the marriage, had appreciated by 95% during the course of the marriage. Using this 95% appreciation figure, the trial court calculated the contributions made and gains earned during the marriage totaled $31,864.40, and found said amount constituted marital property. The trial court concluded wife's equitable share of said property to be $15,930.20. On the other hand, the magistrate found wife's equitable share of husband's retirement benefits to be $46,314.38. The magistrate arrived at this figure by deducting the premarital balance of the account ($80,193.92) from the ending balance ($172,822.63) and dividing that sum ($92,628.75) by 2. The magistrate did not take into account the appreciation on the premarital portion of the fund. We find the trial court property calculated and appropriately distributed the marital portion of husband's pension fund. We further find the trial court did not err in finding the appreciation on the premarital balance, which is husband's separate property, to also be separate property. Wife's first assignment of error is overruled.
 II
In her second assignment of error, wife asserts the trial court abused its discretion in reducing the magistrate's spousal support recommendation from $60,000 to $10,000. A review of a trial court's decision relative to spousal support is governed by an abuse of discretion standard. Cherry v. Cherry (1981), 66 Ohio St.2d 348 . We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217 . We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably. Pursuant to R.C. 3105.18(C)(1), a trial court must consider certain factors in making determinations of spousal support: (C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
(a) The income of the parties, from all sources * * *;
(b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
(d) The retirement benefits of the parties;
(e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because he will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
(h) The relative extent of education of the parties;
 (I) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable.
Herein, the trial court awarded wife equity in the marital home in the amount of $25,645.86, and an additional $6,676.88 to equalize the property division. The magistrate recommended a $60,000 spousal support award because the marital residence, which the parties built together, was worth less than the amount the parties paid for it, husband had been awarded the residence, and wife invested her premarital funds into the property, which left wife without sufficient funds to buy her own home. The trial court reviewed the factors set forth in R.C. 3105.18(C)(1) and determined the magistrate's recommendation was excessive. Given the short duration of the marriage as well as the equitable division of the marital property, we find the trial court did not abuse its discretion in awarding a lump sum payment of $10,000, as and for spousal support. Wife's second assignment of error is overruled.
The judgment of the Tuscarawas County Court of Common Pleas is affirmed.
 _____________ Hoffman, J.
Gwin, P.J. and Wise, J. concur