OPINION
Eddie Watts appeals the judgment of the Montgomery County Common Pleas Court, Juvenile Division, granting permanent custody of Destiny Starr Watts to the Montgomery County Children's Services (MCCS).[1]
MCCS filed a complaint on March 7, 1997 alleging that Destiny was a dependent child. The complaint was based upon allegations that Watts had abused one of Destiny's siblings while the children were residing with Watts. MCCS requested temporary custody of Destiny. The trial court held a formal adjudicatory hearing and found Destiny to be a dependent child; temporary custody was granted to the agency.
Subsequently, in February, 2000, MCCS filed a motion seeking permanent custody of the child. A hearing was conducted by the magistrate in June, 2000. Following the hearing, the magistrate issued a decision granting permanent custody to MCCS. Watts filed objections which were overruled by the trial court. The trial court adopted the decision of the magistrate by entry and order dated November 27, 2000. From this order, Watts appeals, bringing the following two assignments of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN OVERRULING HIS OBJECTION TO THE MAGISTRATE'S DECISION WHEN IT FOUND THAT THERE WAS CLEAR AND CONVINCING EVIDENCE THAT THE MINOR CHILD COULD NOT BE PLACED WITH THE APPELLANT WITHIN A REASONABLE TIME OR AT ALL. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN OVERRULING HIS OBJECTION TO THE MAGISTRATE'S DECISION WHEN IT DETERMINED THAT THERE WAS CLEAR AND CONVINCING EVIDENCE THAT THE COMMITMENT OF THE CHILD TO THE PERMANENT CUSTODY OF THE AGENCY WAS IN THE CHILD'S BEST INTEREST.
We begin with an issue not raised by Watts on appeal, and note that in reviewing the decision of the magistrate upon Watts' objections, the trial court utilized an improper standard. Specifically, it stated that the findings of the magistrate were supported by competent, credible evidence; this is, essentially, an abuse of discretion standard. See, C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279.
In In re Thomas (April 7, 2000), Montgomery App. No. 18029, unreported, this court held that a trial court cannot utilize an appellate standard of review when reviewing objections to decisions rendered by magistrates. Instead, we noted that a trial court must conduct a de novo review of such objections. Id., citing Dayton v. Whiting (1996), 110 Ohio App.3d 115, 118. We further stated:
 The "abuse of discretion" standard that the trial court applied to review the decision of its magistrate is an appellate standard of review. It is applicable to the review performed by a superior court of the judgments and orders of inferior courts. Inherent in the abuse of discretion standard are presumptions of validity and correctness, which acknowledge the independence of the inferior courts by deferring to the particular discretion they exercise in rendering their decisions. Because its magistrate does not enjoy that independence, such presumptions are inappropriate to the trial court's review of a magistrate's decisions. Therefore, a trial court errs when it applies the abuse of discretion standard of review in ruling on Civ.R. 53(E)(3) objections to the decision of the appointed magistrates, as the trial court here did.
Id., citing Rammel v. Rammel (May 9, 1997), Montgomery App. No. 15887, unreported.
Given that the trial court erred by using an appellate standard of review, we cannot conduct an appropriate review of the trial court's decision adopting the decision of the magistrate. Therefore, this matter is Reversed and Remanded to the trial court to issue a new decision under the proper standard.
 _____________________ FREDERICK N. YOUNG, J.
BROGAN, J. and GRADY, J., concur.
[1] We note that some of the court documents refer to the child as "Destry". However, the record shows that the child's name is actually Destiny.