OPINION *Page 2 
{¶ 1} Respondent-appellants Matthew L. Studebaker and Brandi N. Studebaker appeal from a decision of the Miami County Court of Common Pleas, General Division, adopting the decision of the magistrate which held that the petitioner-appellee Leo Studebaker was entitled to civil stalking protection orders against both Matthew and Brandi. The judgment and entry adopting the decision of the magistrate was issued by the trial court on July 27, 2007. On August 24, 2007, Matthew and Brandi (hereinafter "appellants") filed timely notices of appeal with this Court.
 {¶ 2} Because both appellants set forth the identical assignment of error and argument in their respective briefs, we have consolidated their appeals. Leo did not file any responsive briefs in either appeal.
 I {¶ 3} On May 30, 2007, Leo Studebaker filed three separate petitions requesting that civil stalking protection orders be granted against Matthew, Brandi, and his ex-wife, Myra Frazier. An ex parte hearing before a magistrate was held on the same day. As a result of the initial hearing, the magistrate issued temporary ex parte CSPOs against all three respondents and set the matter for a full hearing on June 7, 2007.
 {¶ 4} Myra Frazier retained counsel who requested and was granted a continuance in order to contest the issuance of the ex parte CSPO. Thus, she did not participate in the hearing on June 7, 2007. Appellants, however, neither retained counsel according to the docket nor was a written request for continuance filed under their respective case numbers. More importantly, *Page 3 
neither Matthew nor Brandi attended the hearing on June 7, 2007, which was conducted in their absence.
 {¶ 5} At the hearing, Leo was allowed to present evidence regarding his petition for a CSPO against appellants. At the close of the hearing, the magistrate indicated that he was inclined to grant Leo's petition for permanent five-year CSPOs against appellants.
 {¶ 6} On June 20, 2007, appellants, through counsel, filed a motion for relief from judgment, pursuant to Civ. R. 60(B). In the motion, appellants alleged that they mistakenly believed that the continuance that had been granted with respect to Myra Frazier also applied to them, therefore excusing appellants from the hearing held on June 7, 2007. In a decision issued on June 21, 2007, the magistrate overruled appellants' motions and recommended that permanent CSPOs be granted against both appellants. Appellants filed objections to the magistrate's decision on July 3, 2007. As stated previously, the trial court agreed with the conclusions of the magistrate and adopted his decision in an order filed on July 27, 2007.
 {¶ 7} It is from this judgment that Matthew and Brandi now appeal.
 II {¶ 8} Appellants' sole assignment of error is as follows:
 {¶ 9} "THE TRIAL COURT ERRED IN RENDERING A DECISION DENYING PRO SE LITIGANT'S MOTION FOR SUMMARY JUDGMENT, AND OVERRULING [THEIR] OBJECTION TO MAGISTRATE'S DECISION WAS CONTRARY TO OHIO LAW['S] PREFERENCE FOR MATTERS TO BE DETERMINED ON THE MERITS, RATHER THAN PROCEDURAL GROUNDS."
 {¶ 10} In their sole assignment, appellants contend that the trial court erred when it *Page 4 
granted the CSPOs against both of them. Appellants argue that they have meritorious defenses to the allegations made by Leo, but as a result of excusable mistake, they appeared at the courthouse on the wrong day and missed their hearing scheduled for June 7, 2007. Specifically, appellants allege that they believed that the continuance of Myra Frazier's CSPO hearing also acted to continue their hearings because all of the cases were closely related. In support of their argument, appellants argue that Ohio law prefers resolution of a case on its merits, rather than on procedural grounds. Thus, appellants contend that it was an abuse of discretion for the trial court to adopt the magistrate's decision when it was based on purely procedural grounds.
 {¶ 11} Pursuant to Civ. R. 53(E)(3), a party who disagrees with a magistrate's proposed decision must file objections to said decision. When reviewing objections to a magistrate's decision, the trial court is not required to follow or accept the findings or recommendations of its magistrate. Breece v. Breece (Nov. 5, 1999), Darke App. No. 99-CA-1491;Seagraves v. Seagraves (Aug. 25, 1995), Montgomery App. Nos. 15047 and 15069. In accordance with Civ. R. 53, the trial court must conduct an independent review of the facts and conclusions contained in the magistrate's report and enter its own judgment. Dayton v. Whiting
(1996), 110 Ohio App.3d 115, 118, 673 N.E.2d 671. Thus, the trial court's standard of review of a magistrate's decision is de novo.
 {¶ 12} An "abuse of discretion" standard, however, is the appellate standard of review when reviewing a trial court's adoption of a magistrate's decision. Claims of trial court error must be based on the actions taken by the trial court, itself, rather than the magistrate's findings or proposed decision. When an appellate court reviews a trial court's adoption of a magistrate's report for an abuse of discretion, such a determination will only be reversed where it appears *Page 5 
that the trial court's actions were arbitrary or unreasonable.Proctor v. Proctor (1988), 48 Ohio App.3d 55, 60-61, 548 N.E.2d 287. Presumptions of validity and deference to a trial court as an independent fact-finder are embodied in the abuse of discretion standard. Whiting, supra.
 {¶ 13} An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse of discretion standard, an appellate court may not merely substitute its judgment for that of the trial court. Berk v. Mathews (1990), 53 Ohio St.3d 161, 169,559 N.E.2d 1301.
 {¶ 14} After a thorough review of the record in the instant case, we find that the trial court abused its discretion when it denied Matthew and Brandi' s motion for Civ. R. 60(B) relief. In adopting the magistrate's decision, the trial court held that "the Respondents do not explain how the snafu is anything more than neglect of a legal matter on their own behalf." Contrary to this finding, we are persuaded by appellants' argument that they mistakenly believed that the continuance of their mother's case also worked to move the hearing date for their respective cases. Although neither Brandi nor Matthew appeared on the original date of June 7, 2007, both of the appellants appeared at the June 20, 2007, hearing date fully prepared to present evidence in defense of Leo's claims.[1] The magistrate, however, prevented either of them from presenting evidence. While appellants' failure to attend the initial hearing surely caused some inconvenience to the magistrate, we find that their failure to attend the hearing on June 7, 2007, was excusable in light of the fact that they both appeared on June 20, 2007, with the *Page 6 
understanding that they could present their defense along with their mother. In general, we prefer cases to be concluded on their merits rather than on mere procedural technicalities. Barksdale v. Van's AutoSales, Inc. (1988), 38 Ohio St.3d 127, 128, 527 N.E.2d 284. Thus, the trial court abused its discretion when it adopted the decision of the magistrate which held that Leo was entitled to permanent CSPOs against appellants before they were allowed the opportunity to present evidence in defense of Leo's claims at the hearing on June 20, 2007.
 {¶ 15} Appellants' sole assignment of error is sustained.
 III {¶ 16} Appellants' sole assignment of error having been sustained, the judgment of the trial court is reversed, and this matter is remanded for proceedings consistent with this opinion.
FAIN, J. and GRADY, J., concur.
Copies mailed to:
Leo Studebaker
Andrew D. Lucia
Hon. Jeffrey M. Welbaum
[1] We note that the magistrate had not yet rendered a decision on the petition against appellants as of June 20, 2007. *Page 1