[Cite as *Hoffmeyer v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-4975.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SAMUEL HOFFMEYER

      Plaintiff

      v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

      Defendant

      Case No. 2008-10242

Judge Alan C. Travis
Magistrate Matthew C. Rambo

JUDGMENT ENTRY

{¶ 1} Plaintiff brings this action alleging negligence. A trial was held on the issue of liability. On June 8, 2010, the magistrate issued a decision recommending judgment for defendant.

{¶ 2} Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." On August 17, 2010, with leave of the court, plaintiff filed his objections and an affidavit of evidence pursuant to Civ.R. 53(D)(3)(b)(iii). On August 27, 2010, defendant filed a response.

{¶ 3} At all times relevant, plaintiff was an inmate in the custody and control of defendant at Madison Correctional Institution (MaCI) pursuant to R.C. 5120.16. In his complaint, plaintiff alleges that in November 2007, while working as a line server in the MaCI kitchen, he was ordered to move a milk dispenser to the back counter for storage. Plaintiff alleges that while he was moving the dispenser, it fell, pinched his hand against

the counter, and broke his right "pinky" finger.  The magistrate determined that plaintiff failed to establish either that defendant committed a breach of its duty of care or that his broken finger was proximately caused by defendant's failure to properly train its staff.

{¶ 4}  In his first objection, plaintiff asserts that the magistrate erred in stating that plaintiff could not identify the food service coordinator (FSC) who ordered him to move the milk dispenser.  In his complaint, plaintiff identified Mr. Queen as the FSC in question; however, according to his affidavit of evidence, plaintiff testified at trial that he was ordered to move the milk dispenser by an unidentified female FSC with brown hair and glasses.  Based upon the foregoing, the court finds that the evidence supports the magistrate's finding and plaintiff's first objection is OVERRULED.

{¶ 5}  In his second, third, and fourth objections, plaintiff generally argues that the magistrate erred in failing to give proper weight to either the existence of certain favorable evidence or the absence of certain unfavorable evidence.  However, it is well-settled that the magistrate, as the trier of fact, is in the best position to weigh the testimony and assess the credibility of witnesses.  *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80.  Upon review of plaintiff's affidavit and other documentary evidence presented at trial, the court finds that the magistrate properly weighed the evidence presented and determined that plaintiff failed to establish either that defendant committed a breach of its duty of care or that his broken finger was proximately caused by defendant's failure to properly train its staff.  Plaintiff's second, third, and fourth objections are OVERRULED.

{¶ 6}  In his fifth objection, plaintiff asserts that the magistrate "erred in finding plaintiff failed to prove his fractured finger was a result of moving the dispenser, no other evidence offered to show a different cause."  The magistrate noted that every FSC scheduled to work during the first week of November in the MaCI Zone A kitchen during the lunch shift testified that they neither saw nor heard a milk dispenser fall to the floor, and that they did not "refuse" to write an incident report concerning such an incident.

Moreover, the magistrate noted that plaintiff did not request medical attention for an injured finger until several days after the incident allegedly occurred. In short, the magistrate's findings are supported by the evidence and plaintiff's fifth objection is OVERRULED.

{¶ 7} In this sixth objection, plaintiff asserts that the magistrate erred in finding plaintiff's evidence did not establish the lack of, or improper, supervision. The magistrate listed the elements of negligent hiring and supervision and concluded that plaintiff failed to prove his injury was sustained as a result of being ordered to perform a dangerous task, such as moving the milk dispenser. The court agrees with the magistrate's conclusion. Plaintiff's sixth objection is OVERRULED.

{¶ 8} In his seventh objection, plaintiff asserts that the magistrate's decision is against the manifest weight of the evidence. The court disagrees. In accordance with Civ.R. 53, the trial court must conduct a de novo review of the facts and conclusions contained in the magistrate's report and enter its own judgment. See *Shihab & Assoc. Co., L.P.A. v. Ohio Dept. of Transp.,* 168 Ohio App.3d 405, 2006-Ohio-4456; *Dayton v. Whiting* (1996), 110 Ohio App.3d 115, 118. Upon review of plaintiff's affidavit and the other documentary evidence presented at trial, the court finds that the magistrate properly weighed the evidence presented and determined that plaintiff failed to establish either that defendant committed a breach of its duty of care or that his broken finger was proximately caused by defendant's failure to properly train and/or supervise its staff. Plaintiff's seventh objection is OVERRULED.

{¶ 9} Upon review of the record, the magistrate's decision, the objections, and plaintiff's affidavit, the court finds that the magistrate has properly determined the factual issues and appropriately applied the law. Therefore, the objections are OVERRULED and the court adopts the magistrate's decision and recommendation as its own, including the findings of fact and conclusions of law contained therein. Judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
ALAN C. TRAVIS
Judge

cc:

Richard F. Swope                    Stephanie D. Pestello-Sharf
6480 East Main Street, Suite 102    Assistant Attorney General
Reynoldsburg, Ohio 43068            150 East Gay Street, 18th Floor
                                    Columbus, Ohio 43215-3130

GWP/mdw/cmd
Filed October 7, 2010
To S.C. reporter October 12, 2010