[Cite as *Darcy v. Med. Univ. of Toledo*, 2011-Ohio-885.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DEBORAH DARCY, et al.

      Plaintiffs

      v.

MEDICAL UNIVERSITY OF OHIO AT TOLEDO

      Defendant
      Case No. 2006-01092

Judge Joseph T. Clark
Magistrate Holly True Shaver

JUDGMENT ENTRY

{¶ 1} On November 8, 2010, the magistrate issued a decision recommending judgment in favor of plaintiffs. The magistrate determined that Henry Goitz, M.D., committed a breach of the standard of care owed to plaintiff, Deborah Darcy, during arthroscopic surgery to repair her shoulder tendon.[1]

{¶ 2} Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed." Defendant filed objections on November 22, 2010. On December 6, 2010, plaintiffs filed a response.

{¶ 3} The magistrate found that "Dr. Goitz breached the standard of care by not thoroughly evaluating the injuries to plaintiff's shoulder either prior to or during the February surgery. As a further result of Dr. Goitz's failure to identify and repair plaintiff's

---

[1]For the purposes of this decision, "plaintiff" shall refer to Deborah Darcy.

torn subscapularis tendon, plaintiff developed an anterior prominence of her shoulder, endured two other unsuccessful surgical procedures performed by Dr. Goitz, and was then required to undergo a total joint replacement performed by Dr. Iannotti."

{¶ 4}   Defendant argues that the magistrate erred in failing to give proper weight to the evidence regarding the issues of the standard of care and proximate cause.  The court disagrees.

{¶ 5}   In reviewing plaintiff's objections, the "court must conduct an independent analysis of the underlying issues, undertaking the equivalent of a de novo determination and independently assessing the facts and conclusions contained in the magistrate's decision."  *Shihab & Assoc. Co. LPA v. Ohio Dept. of Transp.*, 168 Ohio App.3d 405, 2006-Ohio-4456, ¶13; *Dayton v. Whiting* (1996), 110 Ohio App.3d 115, 118.

{¶ 6}   In its first objection, defendant argues that the magistrate erred in finding that Robert Cirincione, M.D., was qualified to opine regarding the standard of care relevant to the surgical procedure performed by Dr. Goitz.  Specifically, defendant contends that Dr. Cirincione's admission that he had never performed an arthroscopic rotator cuff repair rendered him incompetent to opine on the standard of care for that procedure.

{¶ 7}   The magistrate noted that Dr. Cirincione is board-certified in orthopedic surgery, with a specialty in sports medicine; that he uses an arthroscope to examine his patients; and that his practice was limited to knee and shoulder surgery.  Dr. Cirincione testified that the standard of care for an orthopedic surgeon performing a shoulder repair is to obtain a complete and accurate history, evaluate the entire rotator cuff joint, and repair all injuries in an appropriate and timely manner.

{¶ 8}   The magistrate determined that Dr. Goitz committed a breach of the standard of care by not properly evaluating plaintiff's injuries either prior to or during the surgery.  Although defendant contends that Dr. Cirincione was not competent to testify as an expert as to the standard of care for arthroscopic shoulder surgery, the medical

negligence did not concern the arthroscopic surgical technique used by Dr. Goitz, but rather his failure to identify and repair all torn tendons. Indeed, Dr. Cirincione testified that he had training and experience in performing arthroscopic examinations. Furthermore, Dr. Cirincione's testimony established that the standard of care for an orthopedic surgeon performing such repair is not specific or limited to arthroscopic procedures.

{¶ 9} Even if defendant were to establish that the standard of care for arthroscopic shoulder surgery is somehow different from the standard of care for general orthopedic surgery, the Supreme Court of Ohio has held that where "fields of medicine overlap and more than one type of specialist may perform the treatment, a witness may qualify as an expert even though he does not practice the same specialty as the defendant." *Alexander v. Mt. Carmel Med. Ctr.* (1978), 56 Ohio St.2d 155, 158. Furthermore, "a nonspecialist is qualified to testify as an expert when he is familiar with the procedure used by the specialist." *Steele v. Buxton* (1994), 93 Ohio App. 3d 717, 719. Admissibility is determined by whether a witness offered as an expert will aid the trier of fact in the search for the truth, not whether the witness is the best expert witness on the subject. *Ishler v. Miller* (1978), 56 Ohio St.2d 447, 453; Evid.R. 702.

{¶ 10} The testimony established that Dr. Cirincione is a board-certified orthopedic surgeon who is experienced in arthroscopic examination and that he is familiar with the standard of care that should be exercised by an orthopedic surgeon with respect to shoulder surgery. Upon review, the court concludes that the magistrate did not err in finding that Dr. Cirincione was qualified to opine regarding the standard of care in this case.

{¶ 11} In its second objection, defendant argues that the magistrate erred in not finding that plaintiff's delay in seeking treatment was a proximate cause of her injury. However, both Drs. Cirincione and Iannotti opined that the surgery was not performed too late to achieve a successful outcome; that Darcy's prognosis would have been good to excellent if all three tendons had been repaired during the February 2004 surgery,

and that Dr. Goitz's negligence was the proximate cause of Darcy's permanent disability.

{¶ 12} Based upon the testimony and the MRI report, the magistrate determined that Dr. Goitz failed to discover the injuries through careful examination. The magistrate did not believe Dr. Goitz's testimony that he fully examined plaintiff's rotator cuff and that there were no torn or displaced tendons. It is well-settled that the magistrate, as the trier of fact, is in the best position to weigh the testimony and assess the credibility of witnesses. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80. In short, the magistrate's findings are supported by the evidence and defendant's second objection is OVERRULED.

{¶ 13} Upon review of the record, the magistrate's decision, and the objections, the court finds that the magistrate has properly determined the factual issues and appropriately applied the law. Therefore, the objections are OVERRULED and the court adopts the magistrate's decision and recommendation as its own, including findings of fact and conclusions of law contained therein. Judgment is rendered in favor of plaintiff. The case will be set for trial on the issue of damages.

_____
JOSEPH T. CLARK
Judge

cc:

Anne B. Strait                           Gerald S. Leeseberg
Brian M. Kneafsey Jr.                    175 South Third Street
Assistant Attorneys General             Penthouse One
150 East Gay Street, 18th Floor         Columbus, Ohio 43215-5134
Columbus, Ohio 43215-3130

AMR/cmd
Filed February 7, 2011

To S.C. reporter February 22, 2011