[Cite as *Neer v. Neer*, 2014-Ohio-142.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

PAULETTE R. NEER                                         :

    Plaintiff-Appellant                              :    C.A. CASE NO.    25876

v.                                                      :    T.C. NO.    10DR104

JAMES B. NEER                                           :    (Civil appeal from Common
                                     Pleas Court, Domestic Relations)

    Defendant-Appellee                              :

                                                       :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___17th___ day of ___January___, 2014.

. . . . . . . . . .

DAVID M. McNAMEE, Atty. Reg. No. 0068582, 42 Woodcroft Trail, Suite D, Beavercreek, Ohio 45430
      Attorney for Plaintiff-Appellant

DAVID P. MESAROS, Atty. Reg. No. 0012725 and ADAM R. MESAROS, Atty. Reg. No. 0089828, 7051 Clyo Road, Centerville, Ohio 45459
      Attorneys for Defendant-Appellee

. . . . . . . . . .

DONOVAN, J.

{¶ 1}   Plaintiff-appellant Paulette R. Neer appeals a decision of the Montgomery County Court of Common Pleas, Domestic Relations Division, overruling her objection and

adopting the decision of the magistrate granting defendant-appellee James B. Neer's motion to modify parenting time/motion to modify child support and his motion to designate himself as the residential parent and legal custodian of the parties' two minor children, B.N. and A.N. On August 26, 2013, Paulette filed a timely notice of appeal with this Court.

{¶ 2}    James and Paulette were married on March 18, 1997. The parties produced two children as a result of the marriage, to wit: B.N., born February 10, 2000; and A.N., born September 25, 2006. On May 7, 2012, a Final Judgment and Decree of Divorce was filed, thereby terminating the parties' marriage. Initially, the parties entered into a shared parenting plan for B.N. and A.N. James was designated as the residential parent for school district purposes.

{¶ 3}    On July 17, 2012, James filed a motion to modify parenting time/motion to modify child support. Shortly thereafter on September 14, 2012, James filed a motion to terminate the shared parenting plan and a motion to have himself designated as the residential parent and legal custodian of B.N. and A.N.

{¶ 4}    A hearing was held before the magistrate on January 24, 2013, regarding James' various motions. On February 21, 2013, the magistrate issued a decision terminating the parties' shared parenting agreement and granting James' motion to be designated residential parent and legal custodian of the parties' two children. On February 28, 2013, Paulette filed a single objection in which she argued that the magistrate erred when it imputed income to her for support purposes and ordered her to pay child support. The judgment and entry overruling Paulette's objection and adopting the decision of the magistrate was issued by the trial court on July 29, 2013.

**{¶ 5}** It is from this judgment that Paulette now appeals.

**{¶ 6}** Paulette's first assignment of error is as follows:

**{¶ 7}** "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT ORDERED APPELLEE BE NAMED THE MINOR CHILD'S LEGAL CUSTODIAN AND RESIDENTIAL PARENT AND TERMINATED THE PREVIOUSLY ORDERED SHARED PARENTING PLAN."

**{¶ 8}** In her first assignment, Paulette contends that the trial court erred when it adopted the decision of the magistrate finding that it was in the best interests of B.N. and A.N. to terminate the shared parenting plan and name James as the residential parent and legal custodian of the parties' two minor children.

**{¶ 9}** Initially, we note that Paulette failed to object to the trial court's decision to terminate the shared parenting plan and designate James as the residential parent and legal custodian of the parties' two minor children. It is only for the first time on appeal that Paulette argues that any error was made regarding the decision to terminate the shared parenting plan and name James residential parent of the children As this Court has previously noted:

> Pursuant to Civ. R. 53(E)(3), a party who disagrees with a magistrate's proposed decision must file objections to said decision. When reviewing objections to a magistrate's decision, the trial court is not required to follow or accept the findings or recommendations of its magistrate. *Breece v. Breece* (Nov. 5, 1999), Darke App. No. 99-CA-1491; *Seagraves v. Seagraves* (Aug. 25, 1995), Montgomery App. Nos. 15047 and 15069. In accordance with Civ.

R. 53, the trial court must conduct an independent review of the facts and conclusions contained in the magistrate's report and enter its own judgment. *Dayton v. Whiting* (1996), 110 Ohio App.3d 115, 118, 673 N.E.2d 671. Thus, the trial court's standard of review of a magistrate's decision is de novo. *Leibold v. Hiddens*, 2d Dist. Montgomery No. 21487, 2007-Ohio-2972, ¶ 15.

{¶ 10} Accordingly, Paulette's failure to object thereto results in a waiver of her right to assign the trial court's adoption of the magistrate's conclusions as error herein, pursuant to Civ. R. 53. "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ. R. 53(D)(3)(b)." Civ. R. 53(D)(3)(b)(iv).

{¶ 11} As the Supreme Court of Ohio has noted, the "failure to follow procedural rules can result in forfeiture of rights." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122, 679 N.E.2d 1099 (1997). Absent a showing of plain error, Paulette's argument has been waived for purposes of appeal since she failed to object below. "'In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.' (Citation omitted)." *In the Matter of A.J.S. & R.S.*, 2d Dist. Miami No. 2007 CA 2, 2007-Ohio-3433, ¶ 16.

{¶ 12}  After a thorough review of the record, there is no evidence of plain error in this case.  Significantly, the record established that the parties' relationship had deteriorated since the divorce to such a degree that the minor children had begun to suffer as a result of Paulette and James' inability to communicate effectively.  Paulette routinely made unilateral decisions without James' input or knowledge that negatively impacted the children in various ways.  The evidence further established James is able to provide a more stable living environment for B.N. and A.N.  Accordingly, we find that Paulette has waived appellate review of that portion of the trial court's decision adopting the magistrate's recommendation to terminate the shared parenting plan and name James as the residential parent and legal custodian of the parties' two minor children.

{¶ 13}  Paulette's first assignment of error is overruled.

{¶ 14}  Paulette's second and final assignment of error is as follows:

{¶ 15}  "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT IMPUTED INCOME TO APPELLANT FOR CHILD SUPPORT PURPOSES AND ORDERED APPELLANT TO PAY CHILD SUPPORT."

{¶ 16}  In her final assignment, Paulette argues that the trial court erred when it found that she was voluntarily underemployed and imputed additional income to her.  Specifically, Paulette asserts that under R.C. 3119.01(C)(11) when determining whether a party is voluntarily underemployed, "whether or not a person is capable of working full-time" is not a proper factor for the court to consider in order to determine voluntary underemployment.

{¶ 17}  "[T]he question whether a parent is * * * voluntarily underemployed is a question of fact for the trial court.  Absent an abuse of discretion that factual determination

will not be disturbed on appeal." *Rock v. Cabral*, 67 Ohio St.3d 108, 112, 616 N.E.2d 218 (1993).

{¶ 18} As the Supreme Court of Ohio determined:

"Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. (Internal citation omitted). It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo*, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result. *AAAA Enterprises, Inc. v. River Place Community Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

After reviewing the record and applicable law, we find no abuse of discretion here.

{¶ 19} In assessing voluntary underemployment and the imputation of income, we have noted that a trial court should consider the factors set forth in R.C. 3119.01(C)(11). *Gregory v. Gregory*, 172 Ohio App.3d 822, 825, 2007-Ohio-4098, 877 N.E.2d 333 (2d Dist.). Among other things, "[t]hose factors include what the parent would have earned if fully employed, prior employment experience, education, physical, and mental disabilities, if any, and availability of employment in the area." *Id*. In *Robinson v. Robinson*, 168 Ohio App.3d 476, 2006-Ohio-4282, 860 N.E.2d 1027 (2d Dist.), we explained, "[T]he court is not

required to determine whether it was the obligor's subjective purpose to avoid his support obligation."  Rather, the only reasons relevant to a finding of voluntary underemployment are those set out in R.C. 3119.01(C)(11)(a)(i) through (x) which are as follows:

(i) The parent's prior employment experience;

(ii) The parent's education;

(iii) The parent's physical and mental disabilities, if any;

(iv) The availability of employment in the geographic area in which the parent resides;

(v) The prevailing wage and salary levels in the geographic area in which the parent resides;

(vi) The parent's special skills and training;

(vii) Whether there is evidence that the parent has the ability to earn the imputed income;

(viii) The age and special needs of the child for whom child support is being calculated under this section;

(ix) The parent's increased earning capacity because of experience;

(x) Any other relevant factor.

{¶ 20}  Paulette testified that she had the same part-time employment for the past six years, working twenty-eight to thirty hours per week for $12.50 per hour, earning $18,850.00 annually.  During her testimony on January 24, 2013, she stated that she could work full time if she chose to do so.  Based upon Paulette's testimony, the trial court found that she was voluntarily underemployed and imputed an additional $7,150.00 of income to her.  This

amount was the difference between part-time and full-time work at Paulette's current place of employment. Therefore, the trial court suspended James' child support obligation, and ordered that Paulette pay child support in the amount of $169.00 per month, per child, for B.N. and A.N. beginning on March 1, 2013.

{¶ 21} In the instant case, Paulette testified that she does not currently work full-time because that was her schedule while the parties were still married, and James told her that he did not object to her part-time schedule during the marriage. Paulette also testified that there is no reason she would be unable to work full-time at her current job and that she was willing to do so. While Paulette is correct that R.C. 3119.01(C)(11) does not specifically list a person's capability to work full-time as a factor for consideration by the trial court, the statute does include "any other relevant factor" as one of the criteria. R.C. 3119.01(C)(11)(a)(x). Based on her testimony, it is clear that full-time employment is available to Paulette. Paulette is currently employed and has worked for her employer for six years. Paulette further testified that there was no reason that she could not switch to a full-time schedule at her current job. Moreover, the evidence adduced at the hearing established that the amount of money imputed to Paulette as additional income was based on the difference between her current part-time earnings and what her full-time earnings would be with her present employer. Paulette is no longer married to James, and she presented no other reason why she should continue working part-time without having an additional $7,150.00 imputed to her as income.

{¶ 22} We note that in her objection to the magistrate's decision, Paulette relied solely on the argument that the factors in R.C. 3119.01(C)(11) do not specifically include a

party's capability to work full-time. Paulette's argument in this regard is undermined by the statute's inclusion of R.C. 3119.01(C)(11)(a)(x), which permits the trial court to consider "any other relevant factor" when deciding whether a party is voluntarily underemployed and imputing income for child support purposes. We also note that the trial court relied on R.C. 3119.01(C)(11)(a)(iv) and (vii) insofar as Paulette testified that full-time employment at her current job was available and that she clearly had the ability to earn the imputed income. Lastly, it is significant to note that the trial court applied a downward deviation of $2,700.21 in the amount of child support Paulette was ordered to pay in consideration of her additional parenting time with the minor children. Such a deviation awards Paulette consideration against her increased income for purposes of calculation of her child support obligation. Thus, the trial court did not err when it found that Paulette was voluntarily underemployed and imputed additional income to her.

{¶ 23} Paulette's second and final assignment of error is overruled.

{¶ 24} Both of Paulette's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FROELICH, P.J. and WELBAUM, J., concur.

Copies mailed to:

David M. McNamee
David P. Mesaros
Adam R. Mesaros
Hon. Timothy D. Wood