OPINION
{¶ 1} This matter is before the Court on the pro se Notice of Appeal of Michelle A. James, filed December 19, 2007. On July 18, 2007, Alex Leno, who used to live with James at her apartment, filed a complaint in the Small Claims Division of Kettering Municipal Court, seeking the return of specific items left behind when he vacated James' apartment, including a gray cat named Brutis. A hearing was held on September 4, 2007, and James relinquished the items Leno sought, *Page 2 
with the exception of Brutis. James asserted ownership of the cat. On October 30, 2007, the Magistrate issued a decision ordering James to return Brutis to Leno.
 {¶ 2} On November 9, 2007, James filed an objection to the Magistrate's decision. James argued that the Magistrate's decision was against the manifest weight of the evidence, that Leno provided no documentary evidence verifying his claim of ownership of Brutis, and that her own documentation regarding ownership of the cat was unchallenged and conclusive. James requested a hearing.
 {¶ 3} On December 12, 2007, a Kettering Municipal Court Judge affirmed the Magistrate's decision, ordering James to return Brutis to Leno on or before December 19, 2007. On December 17, 2007, James filed "Defendant's Affidavit in Support of Objection to Report of Magistrate," asserting that Leno accepted a job as a "prep cook" on a Norwegian Cruise Lines ship. According to James, Leno will be away from home for five months and unable to care for Brutis. James asserted that Leno does not have an established residence to which to return, and she attached a copy of her apartment lease to show that she has resided at her current address for over three years.
 {¶ 4} James asserts three assignment of error. Her first assignment of error is as follows:
 {¶ 5} "THE MANIFEST WEIGHT OF THE EVIDENCE DOES NOT SUPPORT THE DECISION AND JUDGMENT."
 {¶ 6} "Pursuant to Civ. R. 53(E)(3), a party who disagrees with a magistrate's proposed decision must file objections to said decision. When reviewing objections to a magistrate's decision, the trial court is not required to follow or accept the findings or recommendations of its magistrate. (Internal citation omitted). In accordance with Civ. R. 53, the trial court must conduct an independent *Page 3 
review of the facts and conclusions contained in the magistrate's report and enter its own judgment. (Internal citation omitted).
 {¶ 7} "An `abuse of discretion' standard, however, is the appellate standard of review when reviewing a trial court's adoption of a magistrate's decision. Claims of trial court error must be based on the actions taken by the trial court, itself, rather than the magistrate's findings or proposed decision. When an appellate court reviews a trial court's adoption of a magistrate's report for an abuse of discretion, such a determination will only be reversed where it appears that the trial court's actions were arbitrary or unreasonable. (Internal citation omitted).
 {¶ 8} "An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse of discretion standard, an appellate court may not merely substitute its judgment for that of the trial court." Studebaker v. Studebaker, Miami App. No. 2007 CA 26, 2008-Ohio-5356, ¶ 11-13.
 {¶ 9} "In assessing the weight of the evidence, reviewing courts will not reverse judgments supported by some competent, credible evidence establishing all the essential elements of the case."Franklin-Rengan v. Rengan, Montgomery App. No. 20705.
 {¶ 10} In adopting the Magistrate's decision, the trial court determined as follows:
 {¶ 11} "The Defendant's objection is based on the following:
 {¶ 12} "1. The Report of the Magistrate is against the manifest weight of the evidence.
 {¶ 13} "2. Plaintiff submitted no documentary evidence verifying his claim of ownership of the cat.
 {¶ 14} "3. The documentation provided by the Defendant regarding her claim of ownership *Page 4 
of the cat was unchallenged and it was conclusive in regards to the issue."
 {¶ 15} After noting that James did not state a specific obj ection, and reviewing the transcript herein, the trial court noted that Leno testified and called two witnesses in support of his contention that James gave Brutis to him as a gift, and that James testified and called one witness in support of her position that she did not give Brutis to Leno. The court found the following testimony by James to be of interest: "Neither of Plaintiff's witnesses were around when I told Alex that `If you take the cat, you are taking the dog also.' Alex says, `No, I can't take the dog.' And I said `then you're not getting the cat.'"
 {¶ 16} The court noted that Leno provided no documentary evidence of ownership, and that James produced three receipts for the purchase of dog and cat food and an appointment card for Brutis' neutering scheduled two days after the hearing. The court determined that James' receipts were not conclusive proof of ownership, and that the Magistrate's decision was not against the manifest weight of the evidence.
 {¶ 17} Having reviewed the trial court's decision for an abuse of discretion, we conclude that the trial court's actions were neither arbitrary nor unreasonable, and the trial court's decision is not against the manifest weight of the evidence. Leno's position was supported by the two witnesses who testified on his behalf. On the other hand, receipts for the purchase of pet food and documentation of an appointment in the future do not necessarily establish that James owns Brutis. There being no abuse of discretion, James' first assignment of error is overruled.
 {¶ 18} James' remaining assignments of error are as follows:
 {¶ 19} "THE MATTER WAS TAKEN UNDER ADVISEMENT BY THE MAGISTRATE OF THE TRIAL COURT, AND DESPITE A FIXED TIME FOR REACHING A DECISION, *Page 5 
ADDITIONAL TIME ELAPSED WHEREIN EVENTS OCCURRED HAVING DIRECT BEARING UPON THE ACTION, AND PREJUDICING DEFENDANT (APPELLANT)." And,
 {¶ 20} "SEVERAL DELAYS AND/OR NON-ACTIONS WERE TAKEN BY OFFICERS OF THE COURT, THE COURT INCORRECTLY INTERPRETED PROCEDURAL RULES AND PREJUDICED DEFENDANT (APPELLANT) BY SUCH WRONGFUL INTERPRETATION."
 {¶ 21} Our review is limited to the trial court's decision adopting the Magistrate's decision. Alleged events subsequent to the hearing and the alleged non-actions by court staff are not before us. James' second and third assignments of error are overruled. Judgment affirmed.
 WOLFF, P. J. and BROGAN, J., concur. *Page 1