SHIHAB & ASSOCIATES COMPANY, L.P.A., Appellant and Cross–Appellee,

v.

OHIO DEPARTMENT OF TRANSPORTATION, Appellee and Cross–Appellant.

[Cite as *Shihab & Assoc. Co., L.P.A. v. Ohio Dept. of Transp.*, 168 Ohio App.3d 405, 2006-Ohio-4456.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 05AP–1298.

Decided Aug. 29, 2006.

Shihab & Associates Co., L.P.A., Gus M. Shihab, and Robert J. Mann, for appellant and cross-appellee.

Jim Petro, Attorney General, Stephen H. Johnson, and Stephanie B. McCloud, Assistant Attorneys General, for appellee and cross-appellant.

BRYANT, Judge.

{¶ 1} Relator-appellant and cross-appellee, Shihab & Associates Co., L.P.A., appeals from a judgment of the Franklin County Court of Common Pleas adopting a magistrate's decision that (1) awarded attorney fees to respondent-appellee and cross-appellant, Ohio Department of Transportation ("ODOT"), arising from relator's allegedly frivolous conduct, and (2) denied relator's cross-

motion for attorney fees. Because the trial court erred in not addressing relator's specific objections to the magistrate's decision, we reverse and remand.

{¶ 2} On April 4, 2003, relator submitted to ODOT two public records requests, pursuant to R.C. 149.43, seeking production of documents within seven days. In its request, relator sought "right of way" plans relating to three of ODOT's proposed projects identified as Project in Development ("PID") 12139, PID 14040, and PID 23846. Three days later, ODOT acknowledged its receipt of the two requests. On April 8, 2003, relator submitted a third public records request pertaining to four other projects, PID 25065, PID 75880, PID 75859, and PID 75882; again, relator requested production within seven days.

{¶ 3} Between April 16, 2003 and April 18, 2003, relator received documents from ODOT related to its April 4, 2003 requests. Believing that ODOT had failed to produce all of the documents requested in relator's initial request, relator, on April 17, 2003, filed a mandamus action against ODOT seeking to compel production of the remaining documents. On April 18, 2003, ODOT sent a letter to relator acknowledging its receipt of relator's April 8, 2003 public records request and stating that ODOT would produce the documents within a reasonable amount of time.

{¶ 4} On April 24, 2003, ODOT forwarded to relator documents responsive to relator's April 8, 2003 request. On that same date, ODOT sent a letter to relator stating that ODOT had fully complied with relator's requests, rendering the mandamus action moot. ODOT requested that relator dismiss the mandamus action and warned that continued prosecution of the action constituted frivolous conduct under R.C. 2323.51.

{¶ 5} Relator did not dismiss the action but continued to demand further production of documents. According to relator, in seven requests to ODOT in 2000 and 2001 that were worded identically to the requests at issue, ODOT produced so-called "preliminary" right-of-way plans in addition to "final" right of way plans. Expecting, as in the past, to receive the "preliminary" plans, relator sent a May 13, 2003 letter to ODOT stating its entitlement to those documents.

{¶ 6} Stephanie McCloud, ODOT's deputy chief legal counsel at the time relator submitted the 2000–2001 requests, testified that she decided to provide "preliminary" right-of-way plans even though she may not have been legally required to do so. At the time of the requests at issue in this case, the then current deputy chief legal counsel decided "preliminary" right-of-way plans did not have to be produced. Nothing in the record indicates ODOT advised relator of the policy change.

{¶ 7} On May 21, 2003, ODOT filed a motion for summary judgment but also sought a protective order regarding subpoenas directed to ODOT employees by

relator. In response to ODOT's producing the "preliminary" right-of-way plans on June 20, 2003, relator voluntarily dismissed the mandamus action without prejudice on June 23, 2003; the clerk filed the notice of dismissal on June 28, 2003. On July 14, 2003, ODOT moved for sanctions against relator for frivolous conduct pursuant to R.C. 2323.51. Relator responded on July 28, 2003, with a cross-motion for sanctions against ODOT for frivolous conduct. The magistrate conducted a hearing on the motions on December 11, 2003, December 12, 2003, and March 18, 2004.

{¶ 8} On March 17, 2005, the magistrate issued a decision finding that relator's mandamus action was rendered moot when ODOT's April 24, 2003 letter informed relator that ODOT had produced all responsive documents. Although the magistrate concluded that relator's mandamus action was not frivolous at the time it was filed, the magistrate also concluded that relator's continuing to prosecute the action after April 24, 2003, was not warranted under existing law and was not supported by a good-faith argument for an extension, modification, or reversal of existing law. The magistrate thus awarded attorney fees to ODOT pursuant to R.C. 2323.51. Because the magistrate determined that ODOT's conduct was not frivolous, the magistrate denied relator's cross-motion for sanctions.

{¶ 9} On November 4, 2005, the trial court adopted the magistrate's decision, despite relator's objections, filed on March 31, 2005 and September 22, 2005. The trial court determined that relator's objections were not specific or sufficiently particular as required by former Civ.R. 53(E)(3)(b). As the trial court explained, it concluded that relator failed in both sets of objections to "specifically state its objections and [did] not state with particularity the grounds for objection. * * * In neither set of Objections does Relator specifically reference a finding of fact or conclusion of law of the Magistrate." Apparently disregarding the transcript relator filed and using only the magistrate's decision to review the objections, the trial court stated that "[h]aving fully reviewed both sets of Objections * * * the Court finds that Relator's objections lack merit. * * * The Court is not required to dissect Relator's nearly 30 pages of Memoranda in order to craft Relator's arguments into specific objections. In short, Relator's failure to file specific objections with particular grounds for support is fatal to its objections. Further, as far as Relator's general objections, the Court finds the Magistrate's decision to be well reasoned and complete."

{¶ 10} Relator appeals, assigning the following six errors:

Assignment of Error I: The trial court erred as a matter of law and abused its discretion in holding that Shihab & Associates Co., LPA's objections did not satisfy the requirements of Civil Rule 53(B); thus, the trial court erred by not adjudicating Shihab & Associates' objections on the merits.

Assignment of Error II: The trial court erred as a matter of law, abused its discretion, and its decision is against the manifest weight of the evidence in upholding the magistrate's decision that S & A's request for "right of way plans" did not encompass "preliminary right of way plans."

Assignment of Error III: The trial court erred as a matter of law, abused its discretion, and its decision is against the manifest weight of the evidence in upholding the magistrate's determination that ODOT had produced all documents responsive to relator's public records request as of April 24, 2003.

Assignment of Error IV: The trial court erred as a matter of law, abused its discretion, and its decision is against the manifest weight of the evidence in holding a requestor under the public records act has no right to question the government's assertion that all responsive documents have been produced, and has no right to question or challenge the government's interpretation of what documents fall within the scope of the request.

Assignment of Error V: The trial court erred as a matter of law, abused its discretion, and its decision is against the manifest weight of the evidence in affirming the magistrate's decision finding frivolous conduct in Shihab & Associates' actions under O.R.C. § 2323.51.

Assignment of Error VI: The trial court erred as a matter of law in denying S & A's cross motion for attorney fees, including that it abused its discretion in excluding S & A's evidence of ODOT's bias and ill will which were relevant to the requirements of O.R.C., Section 2323.51.

{¶ 11} ODOT cross-appeals, assigning the following error:

Having correctly found that Relator–Appellant engaged in frivolous conduct and that sanctions were appropriate under R.C. 2323.51, the trial court abused its discretion by limiting the amount of the award to the attorneys fees incurred by ODOT prior to the date of the hearing on Respondent–Cross Appellant's Motion for Sanctions.

{¶ 12} Relator's first assignment of error contends that the trial court erred in not adjudicating relator's objections and in failing to conduct an independent review of the magistrate's decision.

{¶ 13} A magistrate's decision is effective when adopted by the court. Former Civ.R. 53(E)(4)(a). The court may adopt the magistrate's decision if no written objections are filed unless the court determines that an error of law or other defect exists on the face of the magistrate's decision. Id. If, however, objections are filed, the court must rule on the objections and may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter. Former Civ.R. 53(E)(4)(b). In reviewing objections, the trial court must conduct an independent

analysis of the underlying issues, undertaking the equivalent of a de novo determination and independently assessing the facts and conclusions contained in the magistrate's decision. *DeSantis v. Soller* (1990), 70 Ohio App.3d 226, 232, 590 N.E.2d 886; *Holland v. Holland* (Jan. 29, 1998), Franklin App. No. 97APF08–974, 1998 WL 30179.

{¶ 14} Former Civ.R. 53(E)(3)(b) provides that "[o]bjections shall be specific and state with particularity the grounds of objection." If a party objects to any finding of fact, the party must support the objection with a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. Former Civ.R. 53(E)(3)(c). A party may not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has properly objected. Former Civ.R. 53(E)(3)(d). "Thus, Civ.R. 53(E) imposes a duty to make timely, specific objections in writing to the trial court, identifying any error of fact or law in the magistrate's decision." *In re A.V.*, Franklin App. No. 05AP–789, 2006-Ohio-3149, 2006 WL 1704109.

{¶ 15} Objections that merely reiterate arguments already presented and ruled upon do not meet the standards required by former Civ.R. 53(E)(3)(b). *State ex rel. Jones v. Pfeiffer*, Franklin App. No. 03AP–588, 2004-Ohio-1462, 2004 WL 586033, citing *State ex rel. Guess v. McGrath*, Franklin App. No. 02AP–156, 2002-Ohio-4896, 2002 WL 31087018. For example, where a party merely paraphrases arguments already made but does not refer to the magistrate's decision as a basis for a proper challenge, the objections are not sufficiently specific or particular. *State ex rel. Weimer v. Zayre Cent. Corp.*, Franklin App. No. 02AP–182, 2002-Ohio-6737, 2002 WL 31750229. Similarly, a general objection to the magistrate's decision does not meet the requirements of Civ.R. 53(E)(3)(b). Id.

{¶ 16} Here, the magistrate's findings of fact Nos. 4, 6, 8, and 9 state that ODOT produced all documents in its possession that were responsive to relator's requests. Based on those factual findings, the magistrate's conclusion of law No. 5 states that relator's mandamus action was frivolous after, but not before, the April 24, 2003 letter ODOT sent to relator informing relator that ODOT had produced all responsive documents. With conclusions of law Nos. 8 and 9, the magistrate denied relator's cross-motion for sanctions against ODOT.

{¶ 17} Relator submitted two sets of objections, on March 31, 2005, and September 22, 2005. The first set objected to the magistrate's decision denying relator's cross-motion for sanctions against ODOT. Relator contended that the decision was contrary to law and against the manifest weight of the evidence. In support of relator's objection, relator stated that (1) the magistrate did not mention letters relator wrote to ODOT, informing ODOT that relator had not

received certain documents, (2) the magistrate failed to mention relator's prior identical public records requests where ODOT produced preliminary right-of-way plans, (3) the magistrate failed to mention that relator dismissed the mandamus action once ODOT produced the documents, and (4) the magistrate improperly quashed relator's subpoenas. Relator asserted a "special objection" to the magistrate's determination that Shihab was not a credible witness, but that determination of the magistrate was not included in the magistrate's findings of fact.

{¶ 18} In the second set of objections, relator objected to the magistrate's decision granting ODOT's motion for sanctions and again objected to the magistrate's determination to deny relator's cross-motion for sanctions. The first heading stated that under Ohio law, relator's action in mandamus was warranted beyond April 24, 2003, because relator, based on ODOT's past actions in producing preliminary plans, had reasonable cause to believe that relator's current requests would result in the production of preliminary plans. By way of supporting argument, relator contended that, although the magistrate's determined right of way was a "term of art" and did not include preliminary plans, the conclusion was immaterial in the context of the facts. Relator further contended that the magistrate wrongly deemed ODOT's April 24, 2003 letter to be conclusive in light of ODOT's responses to prior requests. As relator further pointed out, relator's maintaining the mandamus action was not frivolous because ODOT on June 20, 2003, produced the preliminary right-of-way plans, as it had done in the past.

{¶ 19} Under the second heading, in sections (A) and (B), relator objected that the magistrate's decision finding frivolous conduct under R.C. 2323.51(B)(1) is against Ohio law because (A) relator's actions were not frivolous, and (B) attorney fees cannot be awarded to a custodian of public records. Lastly, under section (A) of the third heading, relator objected that "[t]he Magistrate improperly excluded relevant evidence introduced by relator in support of its position, which caused prejudice to relator." In section (B) under the third heading, relator objected to the magistrate's decision to quash subpoenas to essential witnesses.

{¶ 20} While relator's objections are not the paradigm of "best" objections, they are sufficiently specific and stated with sufficient particularity to meet the requirements of Civ.R. 53(E)(3)(b). Relator specifically refers to the magistrate's decision on several occasions in its memorandum, and, contrary to the trial court's suggestion, relator need not state the number of each finding of fact or conclusion of law subject to objection, provided the court can readily determine that to which relator objects. Here, relator's objections are readily discerned to be directed to findings of fact Nos. 4, 6, 8, 9, and 11, and to conclusions of law Nos. 5, 8, and 9.

{¶ 21} Further, based on the transcripts of testimony and the exhibits, the magistrate's decision is not the only reasonable interpretation of the evidence. Relator maintains that its mandamus action was justified because it had a reasonable belief additional documents would be produced. ODOT, in fact, had produced such additional documents in response to relator's past requests, and it did so in this instance on June 20, 2003; thereafter, relator dismissed the action. ODOT asserts that relator's contention is a red herring and suggests that relator filed the mandamus action because ODOT had not produced the documents within seven days. The magistrate, however, did not find relator's action frivolous when it was initially filed, but only after ODOT's April 24, 2003 letter. Because differing interpretations are reasonable based on the evidence, and because relator's objections are sufficiently specific, the trial court must conduct its independent review of the record, including the transcript filed with the objections, and rule upon relator's objections before we may properly determine the merits of the remaining assignments of error. Relator's first assignment of error is sustained, rendering moot its remaining assignments of error and ODOT's assignment of error on cross-appeal.

{¶ 22} Having sustained relator's first assignment of error, rendering moot the remaining assignments of error, we reverse the judgment of the trial court and remand this matter to the trial court to consider relator's objections and adopt, reject, or modify the magistrate's decision accordingly.

Judgment reversed
and cause remanded.

PETREE and SADLER, JJ., concur.