OPINION
{¶ 1} A.W. appeals from his being adjudicated a delinquent minor and committed to the Ohio Department of Youth Services. Two errors are assigned for our consideration:
 First Assignment of Error: In ruling upon objections to the magistrate's decision the trial court erroneously applied the appellate standard for review of the weight and sufficiency of the evidence rather than undertaking the independent review required by Juvenile Rule 40 (D) (4) (d). *Page 2 
 Second Assignment of Error: The finding that appellant is a delinquent child was not supported by sufficient evidence and was against the manifest weight of the evidence.
 {¶ 2} Addressing the first assignment of error, A.W.'s case was referred to a magistrate for processing. A trial was conducted and the magistrate issued an abbreviated magistrate's decision in which he indicated A.W. should be adjudicated a delinquent minor as a result of having committed the offense of felonious assault with respect to two named individuals. Two other charges of felonious assault were ordered to be dismissed as a result of a failure of the state of Ohio to present proof of those offenses beyond a reasonable doubt.
 {¶ 3} Counsel for A.W. filed objections to the magistrate's decision. A copy of the transcript of the trial was prepared at the court's expense.
 {¶ 4} After a number of continuances, an objections hearing was conducted before a judge of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch. The judge later overruled the objections and adopted the magistrate's decision without modification. The judge's decision and judgment entry overruling the objections is questioned in the first assignment of error.
 {¶ 5} The trial judge correctly set forth the standard of review in the decision and judgment entry when the judge wrote:
 When reviewing Objections to a Magistrate's Decision, the trial court must undertake the equivalent of a de novo determination in light of any filed objections, when independently assessing the facts and conclusions contained in the magistrate's decision. Shihab Assocs. Co. v. Ohio DOT (2006), 168 Ohio App. Ed 405, 2006 Ohio 4456 860 N.Ed. 2d 155, 2006 Ohio App. LEXIS 4371 *Page 3 
(Franklin County Ct. App.); DeSantis v. Soller (1990) 70 Ohio App.3d 226, 590 N.E.2d. 886. According to Ohio Rule of Juvenile Procedure 40(E)(4)(b), when ruling on Objections, the trial court may adopt or reject a Magistrate's Decision in whole or in part with or without modification. The trial court may take additional evidence, recommit the matter to the Magistrate with instructions, or hear the matter itself.
 {¶ 6} However, the judge appears to have noted an incorrect amount of deference to the findings of the magistrate when the judge wrote under "Legal Analysis":
 The juvenile argues that the Magistrate's Decision is against the manifest weight of the evidence and there is insufficient evidence to support the Decision. The Court, in reviewing a Decision based on a claim of insufficient evidence, applies the test of "viewing the evidence in a light most favorable to the prosecution, any rationale trier of fact could have found the essential elements of the crime beyond a reasonable doubt." See State v. Glass (1994), Ohio App. LEXIS 2475 (June 7, 1994), Franklin App. No. 93APA10-1471, unreported (1994 Opinions 2524, 2529). The Franklin County Court of Appeals also stated that a "judgment of conviction will not be reversed on the grounds of insufficient evidence where there is substantial evidence which, if believed would convince the average mind of defendant's guilt beyond a reasonable doubt."
 {¶ 7} A trial judge reviewing a magistrate's decision does not owe the same deference to the magistrate's findings that we, as an appellate court, owe to a jury verdict of guilty or a trial judge's finding of guilty.
 {¶ 8} We cannot tell from the trial court's decision and judgment entry which legal standard the trial judge applied. If the trial judge applied the de novo standard, the trial judge was correct. If the trial judge applied the appellate court standard, the trial judge was wrong.
 {¶ 9} Under the circumstances, we must sustain the first assignment of error. *Page 4 
 {¶ 10} If the evidence before the trial court was not sufficient to support the adjudication of delinquency, then principles of double jeopardy bar a second trial. We, therefore, must address the issue of sufficiency of the evidence set forth in the second assignment of error. This necessitates a review of the evidence presented in the trial court.
 {¶ 11} No physical evidence was presented in the trial court. No projectiles, shell casings or firearms were before the court. All the evidence was live testimony from teenagers who encountered each other near a neighborhood basketball court in Linden Park.
 {¶ 12} The live testimony was first received on May 8, 2007. The first witness was J.A. J.A. was with her sister Jasmine, her brother and her brother's friend Benjamin on May 8, 2006 at a basketball court at the Linden Recreation Center. They intended to play basketball, but due to an encounter with another group of young people from the neighborhood, that never happened. Among the people in the group they encountered were A.W. and Reggie.
 {¶ 13} As they were all approaching the basketball court, Reggie turned to J.A.'s group and said "[w]ho said something]?" (Tr. 11.)
 {¶ 14} Benjamin replied, "nobody said nothin[g], what you talkin[g] about?" (Tr. 12.)
 {¶ 15} Reggie responded, "[s]omebody said something]?" (Tr. 12.) *Page 5 
 {¶ 16} A.W. was standing next to Reggie. A gun got pulled out from somewhere. When the gun got pulled out J.A. recalled A.W. as saying "shoot that n* * *, shoot that n* * *" (Tr. 12.) All the persons involved were African-American.
 {¶ 17} J.A. described the gun as a black handgun. She did not know if A.W. ever touched the gun.
 {¶ 18} Reggie pointed the gun at J.A.'s group, as she recalled. At least four shots were fired. Then Reggie's group ran and J.A.'s group went home.
 {¶ 19} J.A. testified that she could hear the bullets go by, very close. No one was actually shot.
 {¶ 20} On cross-examination, J.A. stated the two groups were at least 100 meters apart. Later, she testified they were not even a full football field apart (120 yards). She knew A.W. because he lived across the street from her. Eventually the police were called.
 {¶ 21} J.A. acknowledged that the gun could have been shooting blanks, but felt she heard bullets, some of which hit the basketball court.
 {¶ 22} J.A.'s sister, Jasmine, was the second witness. Her testimony paralleled that of her sister, except she recalled Reggie as saying "well, I'll shoot em, I'll shoot em" right before he started shooting. (Tr. 38.) Jasmine also recalled A.W. as saying, "shoot that * * * Shoot that * * *," after the gun had been drawn. (Tr. 12.) She testified that A.W. was not the person who handed Reggie the gun. Four shots were fired and at least one hit a basketball pole less than a yard away from her. *Page 6 
 {¶ 23} The testimony of the two sisters was sufficient to support a finding that A.W. was guilty of complicity in felonious assault.
 {¶ 24} Complicity is defined in R.C. 2923.03(A) as follows:
 No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:
 (1) Solicit or procure another to commit the offense;
 (2) Aid or abet another in committing the offense;
 (3) Conspire with another to commit the offense in violation of section 2923.01 of the Revised Code;
 (4) Cause an innocent or irresponsible person to commit the offense.
 {¶ 25} Felonious assault is defined by R.C. 2903.11(A) as follows:
 No person shall knowingly do either of the following:
 (1) Cause serious physical harm to another or to another's unborn;
 (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance.
 {¶ 26} The testimony of the sisters, if believed, would support a finding that A.W. solicited Reggie to shoot one or more of the people in J.A.'s group. A.W.'s mental state reflected the kind of culpability required for the commission of felonious assault.
 {¶ 27} The second assignment of error, to the extent that it alleges that the evidence was insufficient to support a delinquency finding based upon complicity in felonious assault, is overruled. *Page 7 
 {¶ 28} Our ruling in the first assignment of error renders the manifest weight portion of the second assignment of error moot. The juvenile court judge should do the weighing of the evidence before him and decide if the weight of the evidence proves to that judge beyond a reasonable doubt that A.W. did violate R.C. 2923.03 as it applies to R.C. 2903.11.
 {¶ 29} In summary, we sustain the first assignment of error. We overrule the second assignment of error as it pertains to the sufficiency of the evidence. We find our ruling on the first assignment of error renders the second assignment of error moot insofar as it addresses the weight of the evidence. We vacate the trial court's judgment and remand the case for further proceedings consistent with this opinion.
Judgment affirmed in part and reversed in part; remanded for furtherproceedings.
FRENCH, J., concurs. KLATT, J., concurs in part and dissents in part.