[Cite as *Melvin v. Ohio State Univ. Med. Ctr.*, 2010-Ohio-4341.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us


MICHELE A. MELVIN, Admr.

　　　Plaintiff

　　　v.

THE OHIO STATE UNIVERSITY MEDICAL CENTER

　　　Defendant
　　　Case No. 2007-09135

Judge Joseph T. Clark

DECISION



{¶ 1} On June 11, 2010, the magistrate issued a decision recommending judgment for defendant.

{¶ 2} Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." Plaintiff timely filed her objections and a transcript of proceedings. On July 1, 2010, defendant filed a response.

{¶ 3} Plaintiff brought this action on behalf of the estate of the decedent, Joseph W. Wilson, alleging wrongful death. On December 13, 2006, Dr. Mark Arnold, an employee of defendant, performed an operation on Wilson to remove a polyp and a portion of his colon. Defendant discharged Wilson to a nursing facility on December 24, 2006.[1] On the evening of December 25, 2006, Wilson complained of abdominal pain

---

[1]To the extent that a discrepancy exists as to the date of Wilson's discharge, the court notes that

and was transported to the emergency room of the Upper Valley Medical Center in Troy, Ohio, where he died early the next morning. Following an autopsy, the Montgomery County Coroner's office issued a report which identified the cause of Wilson's death as "acute peritonitis due to surgical wound dehiscence."

{¶ 4} Plaintiff alleges that defendant was negligent in failing to "properly diagnose and/or treat the developing acute peritonitis from which [Wilson] suffered and died." Defendant argues that Wilson's care and treatment at all times met the applicable standard of care and, moreover, that Wilson died of heart failure rather than peritonitis.

{¶ 5} The magistrate found that Dr. Arnold's care and treatment of Wilson met the applicable standard of care. Specifically, the magistrate found that Dr. Arnold appropriately determined that Wilson did not exhibit the clinical symptoms of peritonitis following the December 13, 2006 surgery and that Wilson was properly discharged to the nursing facility on December 24, 2006.

{¶ 6} In reviewing plaintiff's objections, the court must conduct an independent analysis of the underlying issues, undertaking the equivalent of a de novo determination and independently assessing the facts and conclusions contained in the magistrate's decision. *Shihab & Assoc. Co., LPA v. Ohio Dept. of Transp.*, 168 Ohio App.3d 405, 2006-Ohio-4456, ¶13.

{¶ 7} In her first, second, third, fifth, and sixth objections, plaintiff generally argues that the magistrate erred in finding that the treatment which Wilson received from Dr. Arnold and defendant's other medical professionals met the applicable standard of care. Central to this issue is the question whether Wilson exhibited symptoms consistent with peritonitis while in defendant's care.

{¶ 8} Plaintiff's expert, Dr. Steven Becker, opined that Wilson had an elevated white blood cell count and other symptoms of peritonitis while under defendant's care such that further diagnostic testing should have been performed to detect any peritoneal infection. Defendant's experts, Drs. Alessandro Fichera and Olaf B. Johansen, opined that Wilson did not exhibit symptoms consistent with peritonitis and that his white blood cell count remained at a level that was normal for someone with his frailties, including

---

paragraph 15 of the magistrate's decision correctly identifies the date as December 24, 2006.

congestive heart failure.  Dr. Johansen further opined that Wilson's white blood cell count remained relatively stable rather than spiking upward as it typically would in a patient with peritonitis.

{¶ 9}   After weighing the experts' testimony, the magistrate found "the testimony of Drs. Fichera and Johansen to be more persuasive than the opinion offered by Dr. Becker."  It is well-settled that the magistrate, as the trier of fact, is in the best position to weigh the testimony and assess the credibility of witnesses.  *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80.  Upon review of the transcript and the evidence presented at trial, the court finds that the magistrate properly determined that the treatment rendered to Wilson was within the standard of care.

{¶ 10} In her fourth objection, plaintiff asserts that the magistrate erred in concluding that Drs. Arnold, Becker, Fichera, and Johansen similarly described the symptoms of peritonitis.  A review of the relevant testimony, however, reveals that the symptoms described by the experts were largely the same:  fever, tachycardia, tachypnea, abdominal tenderness, lack of bowel function, and an elevated white blood cell count.  Accordingly, plaintiff's objection is not well-taken.

{¶ 11} In her seventh objection, plaintiff argues that the magistrate erred in denying her June 9, 2009 motion in limine wherein plaintiff's motion sought to (1) preclude defendant from offering evidence to rebut the coroner's finding as to the cause of Wilson's death, and (2) exclude the deposition testimony of defendant's pathology expert, Dr. Vincent J. M. DiMaio, on the ground that he did not meet the requirements set forth in Evid.R. 601(D) for providing expert testimony on the issue of liability in a medical malpractice claim.

{¶ 12} R.C. 313.19 provides that the cause of death assigned by the coroner shall be "the legally accepted cause of death."  Nonetheless, the Supreme Court of Ohio has held that the coroner's findings are non-binding and may be rebutted by competent, credible evidence.  See *Vargo v. Travelers Ins. Co., Inc.* (1987), 34 Ohio St.3d 27, paragraph one of the syllabus.

{¶ 13} In seeking to rebut the coroner's findings, defendant chiefly relied upon the testimony of Dr. DiMaio.  Inasmuch as Dr. DiMaio's testimony thus concerned Wilson's autopsy and cause of death rather than the treatment he received while in

defendant's care, Dr. DiMaio's testimony did not pertain to the issue of liability and he did not need to qualify as a medical expert under Evid.R. 601(D). See *Lessler v. Ohio State Univ. Hospitals* (May 8, 1997), Franklin App. No. 96API10-1276.

{¶ 14} Therefore, the magistrate did not err in allowing defendant to present evidence to rebut the coroner's findings.

{¶ 15} In her eighth objection, "[p]laintiff objects to the magistrate's implicit finding and conclusion that the evidence presented by the defendant was sufficient to overcome the rebuttable presumption which attaches to [the coroner's] report * * *." Similarly, in her ninth objection, plaintiff argues that the magistrate's decision "disregards" the coroner's report. The magistrate acknowledged the coroner's report, however, and did not make a finding as to the cause of Wilson's death. Moreover, as previously stated, coroner's findings are non-binding and may be rebutted by competent, credible evidence. *Vargo*, supra.

{¶ 16} In her tenth and eleventh objections, plaintiff contends that the magistrate's decision is against the manifest weight of the evidence. The court does not agree.

{¶ 17} Upon review of the record, the magistrate's decision and the objections, the court finds that the magistrate has properly determined the factual issues and appropriately applied the law. Therefore, all of the objections are OVERRULED and the court shall adopt the magistrate's decision and recommendation as its own, including findings of fact and conclusions of law contained therein. Judgment shall be rendered in favor of defendant.

## Court of Claims of Ohio
The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MICHELE A. MELVIN, Admr.

Plaintiff

v.

THE OHIO STATE UNIVERSITY MEDICAL CENTER

Defendant
Case No. 2007-09135

Judge Joseph T. Clark

<u>JUDGMENT ENTRY</u>


Upon review of the record, the magistrate's decision and the objections, the court finds that the magistrate has properly determined the factual issues and appropriately applied the law. Therefore, the objections are OVERRULED and the court adopts the magistrate's decision and recommendation as its own, including findings of fact and conclusions of law contained therein. Judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.


_____
JOSEPH T. CLARK
Judge


cc:

Daniel R. Forsythe                          John E. Fulker
Karl W. Schedler                            William J. Fulker
Assistant Attorneys General                 12 South Cherry Street
150 East Gay Street, 18th Floor             P.O. Box 8
Columbus, Ohio 43215-3130                   Troy, Ohio 45373

RCV/cmd/Filed September 8, 2010/To S.C. reporter September 14, 2010