[Cite as *Nott v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-5688.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JACK NOTT

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant
    Case No. 2005-07950

Judge Clark B. Weaver Sr.
Magistrate Steven A. Larson

JUDGMENT ENTRY

{¶ 1} On August 10, 2010, the magistrate issued a decision recommending judgment for defendant.

{¶ 2} Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." Plaintiff timely filed his objections on August 16, 2010. On August 23, 2010, defendant filed a response.

{¶ 3} At all times relevant, plaintiff was an inmate in the custody and control of defendant at the Grafton Correctional Institution (GCI) pursuant to R.C. 5120.16. Plaintiff asserts that defendant was negligent in requiring him to wear metal, rather than soft, leg restraints during a round trip to a medical appointment outside GCI and that, as a result, he sustained an abrasion on his right ankle.

{¶ 4} Based upon the evidence presented, the magistrate found that plaintiff failed to prove by a preponderance of the evidence that defendant committed a breach

of its duty of care with respect to the manner in which it shackled plaintiff's legs. The magistrate specifically found: 1) that while defendant's policy provides for the use of soft restraints when a physician issues an inmate a "medical restriction" authorizing such restraints, there was no evidence that plaintiff had received such authorization; 2) that the corrections officers who escorted plaintiff on the trip did not have reason to know that the metal restraints presented any danger to plaintiff; and 3) that plaintiff did not exercise due care for his own safety to the extent that he failed to bring any concerns to the officers' attention.

{¶ 5} In reviewing plaintiff's objections, "the court must conduct an independent analysis of the underlying issues, undertaking the equivalent of a de novo determination and independently assessing the facts and conclusions contained in the magistrate's decision." *Shihab & Assoc. Co. LPA v. Ohio Dept. of Transp.*, 168 Ohio App.3d 405, 2006-Ohio-4456, ¶13.

{¶ 6} In his first, third, and fourth objections, plaintiff argues that the magistrate failed to consider his diabetes and other medical conditions and the "danger caused by injuries to appendages of a chronic diabetic."

{¶ 7} However, the magistrate's decision refers to plaintiff's diabetes, and there is no dispute that plaintiff suffered from several maladies at the time of the incident. The magistrate concluded, though, that insofar as plaintiff contends that his health problems should have prompted a physician to issue him a medical restriction for soft restraints, he failed to present the expert testimony necessary for determining what a medical professional of ordinary skill, care, and diligence in the same medical specialty would do in similar circumstances. See *Bruni v. Tatsumi* (1976), 46 Ohio St.2d 127, 131-132. The magistrate further concluded that the corrections officers who escorted plaintiff during the trip did not have reason to know of any potential danger, whether from plaintiff's diabetes or otherwise, that might be created by shackling plaintiff's legs in metal restraints. Upon review, the court concludes that the magistrate did not err in

making these findings.

{¶ 8} In his second objection, plaintiff asserts that the magistrate failed to consider Ohio Adm.Code 5120:1-8-03(B), which provides, in relevant part:

{¶ 9} "Each full service *jail* shall have written policies and procedures, and practices which evidence, that the following minimum standards are maintained:

{¶ 10} "* * *

{¶ 11} "(8)                    Prisoners in physical restraints shall be personally checked by staff every ten minutes."  (Emphasis added.)

{¶ 12} The General Assembly has defined the term "jail" to include "a jail, workhouse, minimum security jail, or other residential facility used for the confinement of alleged or convicted offenders that is operated by a political subdivision or a combination of political subdivisions of this state."  R.C. 2929.01(R).

{¶ 13} Plaintiff was not confined in a jail, but was instead confined at GCI, which is a "prison" as defined in R.C. 2929.01(AA).  ("'Prison' means a residential facility used for the confinement of convicted felony offenders that is under the control of the department of rehabilitation and correction * * *.")   Therefore, the provisions of Ohio Adm.Code 5120:1-8-03(B) are not applicable to the facts of this case.

{¶ 14} Plaintiff's fifth objection asserts that the magistrate's decision is against the manifest weight of the evidence.  The court does not agree.

{¶ 15} Upon review of the record, the magistrate's decision and the objections, the court finds that the magistrate has properly determined the factual issues and appropriately applied the law.  Therefore, the objections are OVERRULED and the court adopts the magistrate's decision and recommendation as its own, including findings of fact and conclusions of law contained therein.   Judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
CLARK B. WEAVER SR.
Judge

cc:

Eric A. Walker
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Richard F. Swope
6480 East Main Street, Suite 102
Reynoldsburg, Ohio 43068

John C. Bucalo
1370 Ontario Street, Suite 330
Cleveland, Ohio 44113-1708

RCV/cmd
Filed October 13, 2010
To S.C. reporter November 18, 2010