[Cite as *Click v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-1407.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us


GREGORY CLICK

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant
    Case No. 2009-02031

Judge Joseph T. Clark
Magistrate Matthew C. Rambo

JUDGMENT ENTRY


{¶ 1} On October 12, 2010, the magistrate issued a decision recommending judgment for defendant.

{¶ 2} Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." On January 10, 2011, with leave of the court, plaintiff filed his objections. On that same date, plaintiff also filed a poverty statement and an affidavit of evidence pursuant to Civ.R. 53(D)(3)(b)(iii).[1]

{¶ 3} On January 21, 2011, defendant filed a motion to strike plaintiff's affidavit of evidence. On January 27, 2011, plaintiff filed a response. Civ.R. 53(D)(3)(b)(iii), states, in part: "An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all

---

[1] Plaintiff's January 4, 2011 "third motion of plaintiff to extend time to prepare and file an affidavit of evidence, an affidavit of indigency and to file objections" is DENIED as moot.

the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available."

**{¶ 4}** In *Wolfe v. Ohio Dept. of Rehab. and Corr.*, Franklin App. No. 10AP-443, 2010-Ohio-6180, the Tenth District Court of Appeals determined that a transcript of proceedings is "unavailable" to the objecting party where proof of indigence is provided. Id. at ¶14. In accordance with the rule, plaintiff has provided satisfactory proof of indigence and he has submitted his own affidavit of evidence relevant to his objections. Therefore, defendant's motion is DENIED.[2]

**{¶ 5}** At all times relevant, plaintiff was an inmate in the custody and control of defendant at the Allen Correctional Institution (ACI) pursuant to R.C. 5120.16. Plaintiff worked as a mechanic in the garment shop at ACI on February 15, 2007. He claims he injured his back when he was struck by rolls of fabric that fell from a shelf as other inmates were taking inventory. The magistrate found that plaintiff failed to prove that he had been struck by the rolls of fabric. Further, the magistrate found that even if plaintiff had been struck, he failed to establish that the accident resulted from the absence of due care on the part of defendant or that the accident was a proximate cause of his back injury.

**{¶ 6}** In reviewing plaintiff's objections, "the court must conduct an independent analysis of the underlying issues, undertaking the equivalent of a de novo determination and independently assessing the facts and conclusions contained in the magistrate's decision." *Shihab & Assoc. Co. LPA v. Ohio Dept. of Transp.,* 168 Ohio App.3d 405, 2006-Ohio-4456, ¶13.

**{¶ 7}** In his first and second objections, plaintiff argues that the magistrate erred in failing to give proper weight to certain evidence favorable to the plaintiff. The court disagrees.

---

[2]Plaintiff's January 27, 2011 "motion to adopt an alternate procedure for indigent plaintiffs in accordance with Rule 9(C), Ohio Rules of Appellate Procedure" is DENIED. See Civ.R. 1.

{¶ 8}   While the Interdisciplinary Progress Notes (Plaintiff's Exhibit 9) provided some evidence that plaintiff suffered from a back injury, plaintiff failed to convince the magistrate that falling rolls of fabric caused his injury.   Moreover, plaintiff's affidavit states that Mr. Ronald Ditto, an employee of ACI, testified that a medical report must be completed for every accident but that he found no documentation regarding the accident in his accident report files.   (Defendant's Exhibit G.)   Therefore, upon review of plaintiff's affidavit and other documentary evidence, the court finds that the magistrate properly weighed the evidence presented and determined that plaintiff failed to prove either that the accident occurred or that he suffered an injury therefrom.

{¶ 9}   As to the evidentiary weight afforded to plaintiff's Informal Complaint Resolution dated February 16, 2007 (Defendant's Exhibit F) and plaintiff's Notification of Grievance from February 23, 2007 (Defendant's Exhibit E), the court finds that the magistrate did not err.   The fact that Defendant's Exhibits E and F have not been acknowledged or signed by the proper officials from ACI supports the magistrate's conclusion that defendant never received these documents.   Upon review of plaintiff's affidavit, other documentary evidence presented at trial, and the magistrate's decision, the court finds that the magistrate properly weighed the evidence presented and determined that plaintiff failed to prove that defendant had received notice of any accident involving plaintiff.

{¶ 10} In his third objection, plaintiff argues that the magistrate erred in failing to give proper weight to plaintiff's witnesses.   It is well-settled that the magistrate, as the trier of fact, is in the best position to weigh the testimony and assess the credibility of witnesses.   *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80.   The magistrate found that plaintiff's testimony lacked credibility.   Further, the magistrate determined that the inmates who testified on behalf of plaintiff provided inconsistent testimony.   According to plaintiff's affidavit, plaintiff's witnesses recalled hearing plaintiff cry out, but that they did not see any rolls fall on plaintiff.   Further, the magistrate noted that one witness stated that several rolls of fabric fell on plaintiff; another said a "whole

shelf" fell on plaintiff; and a third testified that a single roll fell on plaintiff. Plaintiff's affidavit states that he testified that several rolls struck him while he was working. In short, upon review of plaintiff's affidavit and other documentary evidence presented at trial, the court finds that the magistrate properly determined that the testimony of plaintiff and his witnesses was not credible.

{¶ 11} In his fourth objection, plaintiff asserts that the magistrate's decision is contrary to law and against the manifest weight of the evidence. The court does not agree.

{¶ 12} Upon review of the record, the magistrate's decision and the objections, the court finds that the magistrate has properly determined the factual issues and appropriately applied the law. Therefore, the objections are OVERRULED and the court adopts the magistrate's decision and recommendation as its own, including findings of fact and conclusions of law contained therein. Judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
JOSEPH T. CLARK
Judge

cc:

Douglas R. Folkert
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Richard F. Swope
6480 East Main Street, Suite 102
Reynoldsburg, Ohio 43068

JSO/cmd
Filed February 25, 2011
To S.C. reporter March 22, 2011