[Cite as *Rosenshine v. Med. College Hosp.*, 2013-Ohio-3630.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DAWN ROSENSHINE, Exec.

     Plaintiff

     v.

MEDICAL COLLEGE HOSPITALS

     Defendant

Case No. 1998-04701

Judge Patrick M. McGrath
Magistrate Holly True Shaver

JUDGMENT ENTRY

{¶ 1} On December 21, 2012, the magistrate issued a decision recommending that final judgment be entered for plaintiff in the amount of $210,743.57 after the probate court has adjusted the share that each beneficiary is to receive.

{¶ 2} Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." Defendant filed objections on January 14, 2013, with leave of court.[1] On January 24, 2013, plaintiff filed her objection to the magistrate's decision. The damages trial consisted of oral arguments and documentary evidence. Inasmuch as there was no testimony, no transcript of the proceedings was filed with the court.

{¶ 3} The Tenth District Court of Appeals reversed this court's decision on the issue of liability and entered judgment in favor of plaintiff as to the issue of liability. *Rosenshine v. Med. College Hosps.,* 10th Dist. No. 11AP-374, 2012-Ohio-2864. The

---

[1] Defendant's January 14, 2013 filing was a combined "objections to magistrate's decision and motion to stay." Plaintiff responded to defendant's motion to stay on January 24, 2013, and on February 6, 2013, the court denied defendant's motion to stay.

magistrate then held a damages trial and found that plaintiff was entitled to funeral and burial expenses pursuant to R.C. 2121.02(A)(2) in the amount of $10,718.57. Additionally, the magistrate determined that $100,000 should be awarded for the survivorship claim. As for the wrongful death claim, the magistrate recommended awards of non-economic damages for loss of society and mental anguish as follows: Dawn Rosenshine, $30,000; Robert Dougherty, Jr., $30,000; Vincent Dougherty, $30,000; and Alyssa Dougherty, $10,000. While plaintiff received a settlement of $25,000 as a result of litigation in the connected action and $20,000 from a life insurance policy, the magistrate determined that such proceeds would not be deducted from the award pursuant to *Aubry v. Univ. of Toledo Med. Ctr.,* 10th Dist. No. 11AP-509, 2012-Ohio-1313, and R.C. 3345.40(B)(2).

{¶ **4**} In reviewing a party's objections, the "court must conduct an independent analysis of the underlying issues, undertaking the equivalent of a de novo determination and independently assessing the facts and conclusions contained in the magistrate's decision." *Shihab & Assoc. Co. LPA v. Ohio Dept. of Transp.*, 168 Ohio App.3d 405, 2006-Ohio-4456, ¶ 13 (10th Dist.).

{¶ **5**} In its first objection, defendant argues that the $25,000 plaintiff received from the settlement of the connected action should be set off against defendant's liability.

{¶ **6**} R.C. 3345.40(B)(2) provides that in an action against a state university or college "[i]f a plaintiff receives or is entitled to receive benefits for injuries or loss allegedly incurred from a policy or policies of insurance or any other source, the benefit shall be disclosed to the court, and the amount of the benefits shall be deducted from any award against the state university or college recovered by the plaintiff."

{¶ **7**} "Benefit," as used in R.C. 3345.40(B)(2), was defined as "'[f]inancial assistance received in time of sickness, disability, unemployment, etc. either from insurance or public programs such as social security.'" *Aubry, supra,* at ¶ 20, quoting

*Vogel v. Wells*, 57 Ohio St.3d 91, 98 (1991), citing *Black's Law Dictionary* 158 (6th Ed.1990).  In applying this definition, the court found that the settlement plaintiff received was "not subject to the setoff provision of R.C. 3345.40(B)(2)." *Id. at* ¶ 22.

{¶ 8} In affirming the *Aubry* decision*,* the Tenth District Court of Appeals recently stated that "[b]ased on this court's recent precedent in *Aubry*, we conclude that [plaintiff's] settlement proceeds * * * do not fall within the scope of 'benefits,' under R.C. 3345.40(B)(2).  The Supreme Court has expressly adopted a definition of the term 'benefits' in the context of identical statutory language, and this court has applied that definition to R.C. 3345.40(B)(2)." *Adae v. Univ. of Cincinnati*, 10th Dist. No. 12AP-406, 2013-Ohio-23, ¶ 30.

{¶ 9} Based on these recent Tenth District Court of Appeals decisions, the court finds that the magistrate did not err in determining that plaintiff's recovery would not be reduced by the $25,000 settlement.  Furthermore, the court agrees with the magistrate's determination that the language of R.C. 3345.40(B)(2) prohibits this court from reducing plaintiff's award by the life insurance proceeds that plaintiff received.  Defendant's first objection is OVERRULED.

{¶ 10} In its second objection, defendant argues that the court should make a determination that decedent, Theresa Dougherty, was comparatively negligent and reduce the damages award accordingly.  The magistrate stated, "Defendant also seeks a determination from this court that Theresa was comparatively negligent * * *.  The court finds that inasmuch as the Court of Appeals rendered judgment in favor of plaintiff without consideration of defendant's comparative negligence argument, this court is confined to the issue of damages." Magistrate decision, pg. 3-4.

{¶ 11} Contributory negligence is a defense that reduces a plaintiff's recovery based on her own negligence.  *See* R.C. 2315.33.  The magistrate recognized that the Tenth District Court of Appeals simply issued a judgment of liability against defendant regardless of the issue of contributory negligence.  This case was not remanded to consider the issue of liability or an apportionment thereof.  Rather, liability was imposed

by the Tenth District Court of Appeals and this court was ordered to proceed on the issue of damages. *Rosenshine, supra,* at ¶ 35. This court does not disagree with defendant's statement that contributory negligence was not addressed; however, considering the judgment and remand from the Court of Appeals, the magistrate was correct not to engage in an analysis of contributory negligence. Accordingly, defendant's second objection is OVERRULED.

{¶ 12} In plaintiff's sole objection, she argues that that the damages award is inadequate. Upon review of the record, the court finds that the magistrate's finding is supported by the greater weight of the evidence. Accordingly, plaintiff's objection is OVERRULED.

{¶ 13} In her decision, the magistrate recommended that final judgment be entered in favor of plaintiff after the probate court has adjusted the share that each beneficiary is to receive. However, the court concludes that since there are no collateral sources to be deducted by this court pursuant to *McMullen v. Ohio State Univ. Hosps.*, 88 Ohio St.3d 332 (2000), final judgment can be rendered for plaintiff at this time. Accordingly, the magistrate's decision is modified such that final judgment shall be entered in favor of plaintiff in the amount of $210,743.57.

{¶ 14} Upon review of the record, the magistrate's decision and the objections, the court finds that the magistrate has properly determined the factual issues and appropriately applied the law, except as modified herein. Therefore, the objections are OVERRULED and the court adopts the magistrate's decision and recommendation as its own, including findings of fact and conclusions of law as modified herein.

{¶ 15} Judgment is rendered for plaintiff in the amount of $210,743.57, which includes the filing fee paid by plaintiff. Court costs are assessed against defendant. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____

PATRICK M. MCGRATH
Judge

cc:

Anne B. Strait                                              Mark F. Vitou
Assistant Attorney General                        111 West Dudley
150 East Gay Street, 18th Floor                 Maumee, Ohio 43537-2140
Columbus, Ohio 43215-3130

007
Filed March 15, 2013
To S.C. Reporter August 22, 2013