[Cite as *Rex v. Univ. of Cincinnati College of Medicine*, 2013-Ohio-3638.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DOUGLAS REX, et al.

    Plaintiffs

    v.

UNIVERSITY OF CINCINNATI COLLEGE OF MEDICINE

    Defendant

Case No. 2009-04637

Judge Patrick M. McGrath
Magistrate Anderson M. Renick

JUDGMENT ENTRY

{¶ 1} This case was tried to a magistrate on the issue of liability. On January 25, 2013, the magistrate issued a decision recommending judgment for defendant.

{¶ 2} Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." Plaintiffs timely filed their objections on February 8, 2013. On February 14, 2013, plaintiffs filed a copy of the transcript. Defendant filed a response on February 21, 2013.

{¶ 3} According to the magistrate's decision, plaintiff, Douglas Rex, was diagnosed with prostate cancer in the spring of 2008.[1] Plaintiff was subsequently referred to Robert Bracken, M.D., to explore treatment options. At that time, plaintiff's medical history included atrial fibrillation and two episodes involving a deep vein thrombosis (DVT) for which he had been prescribed Coumadin, an anticoagulant that slows the body's ability to stop bleeding. In preparation for surgery, Dr. Bracken

---

[1]For the purposes of this decision, "plaintiff" shall refer to Douglas Rex.

instructed plaintiff to stop taking Coumadin 10 days prior to the procedure, and he prescribed two daily doses of Lovenox, a short-term anticoagulant. Such a form of treatment is known as "bridging therapy."

{¶ 4} On May 12, 2008, Dr. Bracken performed a robotic wide excision radical prostatectomy. The surgery lasted approximately seven hours and plaintiff lost a significant amount of blood. After the surgery, plaintiff began experiencing difficulty with his vision while recovering in the intensive care unit and later in a rehabilitation center. The Cincinnati Eye Institute subsequently diagnosed plaintiff with Ischemic Optic Neuropathy (ION).

{¶ 5} The magistrate concluded that plaintiffs failed to prove that Dr. Bracken's preoperative and surgical treatment fell below the standard of care. The magistrate was not persuaded by the testimony of plaintiffs' expert, Michael Mathers, M.D. Rather, the magistrate was convinced by the testimony of defendant's expert, Ronney Abaza, M.D., that Dr. Bracken's actions met the standard of care. The magistrate further determined that Dr. Bracken credibly testified regarding his consultations with two internists about bridging therapy and the prescribed dosage of Lovenox. Finally, the magistrate determined that plaintiffs failed to prove that any alleged negligence proximately caused plaintiff injury. The magistrate was not convinced by the testimony of plaintiffs' expert Karl Golnik, M.D. Rather, the magistrate was persuaded by the testimony of defendant's expert, Andrew Lee, M.D.

{¶ 6} In reviewing a party's objections, the "court must conduct an independent analysis of the underlying issues, undertaking the equivalent of a de novo determination and independently assessing the facts and conclusions contained in the magistrate's decision." *Shihab & Assoc. Co. LPA v. Ohio Dept. of Transp.*, 168 Ohio App.3d 405, 2006-Ohio-4456, ¶ 13 (10th Dist.); *Dayton v. Whiting*, 110 Ohio App.3d 115, 118 (2nd Dist.1996).

{¶ 7} In their first objection, plaintiffs argue that the magistrate erred by allowing the treating physician, Dr. Bracken, to give expert testimony regarding his own care in treating plaintiff.  Specifically, plaintiffs argue that the magistrate should have precluded Dr. Bracken from offering expert testimony regarding his consultations with internists and the dosing levels for Lovenox.

{¶ 8} L.C.C.R. 7(E), provides, in relevant part, that "[I]n the event the expert witness is a treating physician, the court shall have the discretion to determine whether the hospital and/or office records of that physician's treatment which have been produced satisfy the requirements of a written report."  A review of the transcript reveals that the magistrate did not consider Dr. Bracken as an expert witness regarding the standard of care in this case.  However, under L.C.C.R. 7(E), Dr. Bracken would qualify as an expert regarding the treatment he provided to plaintiff and the medical records would qualify as his expert report.  To the extent that Dr. Bracken testified regarding medical events and treatment not memorialized in the medical records, such an issue is an issue of credibility rather than admissibility.  The court notes, however, that Dr. Bracken conceded that he was not an expert regarding the proper dosage of Lovenox.  Ultimately, the magistrate determined that plaintiffs failed to carry their burden of persuasion regarding any alleged breach of the standard of care.  In short, the magistrate was not persuaded by the testimony of plaintiffs' expert that Dr. Bracken breached the standard of care.  The court agrees with the magistrate's conclusions. Plaintiffs' first objection is OVERRULED.

{¶ 9} In their second objection, plaintiffs argue that the magistrate erred by admitting hearsay testimony.  Plaintiffs argue that Dr. Bracken's testimony regarding a consultation he obtained with two internists to determine the proper dosage of Lovenox constitutes inadmissible hearsay. *See* Transcript pp. 335-337.  After a review of the transcript, the court determines that although he relied upon a recommendation from the internists, Dr. Bracken testified regarding his own personal actions in determining the proper dosage of Lovenox.  Moreover, plaintiffs objected after Dr. Bracken had already

answered multiple questions regarding the consultation.  Plaintiffs' second objection is OVERRULED.

{¶ 10} In their third objection, plaintiffs argue that the magistrate relied upon non-credible testimony of Dr. Bracken.  Plaintiffs argue that Dr. Bracken could not have consulted with internists regarding the proper dosage of Lovenox inasmuch as the test results upon which he relied during the consultation were not available until after plaintiff had filled his prescription at a local pharmacy.  However, Dr. Bracken testified that, during the consultation, additional testing was recommended and that such additional testing confirmed his initial impressions.  The magistrate found that Dr. Bracken had credibly testified.  It is well-settled that the magistrate, as the trier of fact, is in the best position to weigh the testimony and assess the credibility of witnesses.  *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984).  Moreover, the trier of fact is free to believe or disbelieve all or any of the testimony.  *State v. J.L.S.,* 10th Dist. No. 08AP-33, 2012-Ohio-181.  The court agrees with the magistrate's conclusions.  Plaintiffs' third objection is OVERRULED.

{¶ 11} In their fourth objection, plaintiffs argue that the magistrate erred by not relying upon plaintiffs' expert witness's testimony regarding the standard of care.  Plaintiffs argue that defendant failed to offer any evidence regarding an alternative standard of care.  However, the burden rests upon plaintiffs to prove by a preponderance of the evidence that the physician's actions fell below the standard of care.  *Bruni v. Tatsumi*, 46 Ohio St.2d 127 (1976), paragraph one of the syllabus.  Furthermore, the magistrate, as the trier of fact, is free to believe or disbelieve any part of the testimony.  *State v. J.L.S.*, *supra*.  Upon review, the court agrees with the magistrate's conclusions.  Plaintiffs' fourth objection is OVERRULED.

{¶ 12} In their fifth objection, plaintiffs argue that the magistrate erred in determining that plaintiffs failed to prove that any alleged breach of the standard of care proximately caused plaintiff injury.  Specifically, plaintiffs argue that the magistrate failed

to address plaintiff's additional injuries, which required an extended stay in the ICU, rehabilitation center, and use of a home nurse.  However, plaintiffs do not point to any expert testimony regarding standard of care or proximate cause that connects Dr. Bracken's actions with any additional injuries.  Moreover, the magistrate determined that plaintiffs failed to prove that Dr. Bracken's actions fell below the standard of care.  The court agrees with the magistrate's determination.  Accordingly, plaintiffs' fifth objection is OVERRULED.

{¶ 13} Upon review of the record, the magistrate's decision and the objections, the court finds that the magistrate has properly determined the factual issues and appropriately applied the law.  Therefore, the objections are OVERRULED and the court adopts the magistrate's decision and recommendation as its own, including the findings of fact and conclusions of law contained therein.  Judgment is rendered in favor of defendant.  Court costs are assessed against plaintiffs.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.


_____
PATRICK M. MCGRATH
Judge


cc:


Brian M. Kneafsey, Jr.                          Gregory P. Hartmann
Assistant Attorney General                  Joseph W. Shea III
150 East Gay Street, 18th Floor           Michelle A. Cheek
Columbus, Ohio 43215-3130              Shirley A. Coffey
                                                         119 West Central Parkway
                                                         300 Court Index Building
                                                         Cincinnati, Ohio 45202

003
Filed April 12, 2013
To S.C. Reporter August 22, 2013