[Cite as *Swartz v. Univ. of Toledo Med. Ctr.*, 2013-Ohio-4839.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LAURIE Y. SWARTZ, et al.

    Plaintiffs

    v.

UNIVERSITY OF TOLEDO MEDICAL CENTER

    Defendant

Case No. 2011-07761

Judge Patrick M. McGrath
Magistrate Anderson M. Renick

JUDGMENT ENTRY

{¶ 1} This case was tried to a magistrate on the issue of damages. On February 6, 2013, the magistrate issued a decision recommending judgment for plaintiffs in the amount of $400,878.88.

{¶ 2} Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." Plaintiffs filed their objection on February 20, 2013. On March 1, 2013, defendant filed a response to plaintiffs' objection, its objections to the magistrate's decision, and a copy of the transcript. On March 15, 2013, plaintiffs filed a response to defendant's objections to the magistrate's decision.

{¶ 3} According to the magistrate's decision, on February 2, 2009, plaintiff Laurie Swartz underwent a right ulnar nerve transposition procedure performed by defendant's employee Martin Skie, M.D.[1] During the course of the surgery, plaintiff's ulnar nerve was transected. The transection resulted in "residual difficulties in the function of

[plaintiff's] right hand as well as with elements of a complex regional pain syndrome on a permanent basis." Magistrate's Decision, p. 2. Plaintiff subsequently underwent six weeks of physical therapy sessions to improve movement, a second surgery, and eight or nine nerve blocks in an attempt to reduce the constant pain and hypersensitivity.

{¶ 4} The magistrate determined that "the condition which causes pain and hypersensitivity in plaintiff's right hand is permanent in nature and affects her daily activities." Magistrate's Decision, p. 5. The magistrate recommended that plaintiff be awarded $250,000 for past and future pain and suffering and past and future loss of enjoyment of life. The magistrate further recommended that plaintiff Paul Swartz be awarded $150,000 for his loss of consortium. Regarding out-of-pocket expenses, the magistrate recommended an award of $853.88. Finally, the magistrate determined that plaintiff had failed to prove that her injuries were the cause of her resignation from her employment.

{¶ 5} In reviewing a party's objections, the "court must conduct an independent analysis of the underlying issues, undertaking the equivalent of a de novo determination and independently assessing the facts and conclusions contained in the magistrate's decision." *Shihab & Assoc. Co. LPA v. Ohio DOT*, 168 Ohio App.3d 405, 2006-Ohio-4456, ¶ 13 (10th Dist.); *City of Dayton v. Whiting*, 110 Ohio App.3d 115, 118 (2nd Dist.1996).

{¶ 6} In its first objection, defendant argues that the recommendation of an award of $250,000 to plaintiff is "excessive and unsupported by the evidence." Likewise, in its second objection, defendant argues that the magistrate's recommendation of an award of $150,000 to Paul Swartz is "excessive and unsupported by the evidence." Inasmuch as defendant's objections are interrelated, the court will address them simultaneously.

{¶ 7} The magistrate noted that plaintiff has "ongoing pain and hypersensitivity, limitation of movement of several fingers, as well as atrophy and cramping of certain

---

[1]For the purposes of this decision, "plaintiff" shall refer to Laurie Swartz.

muscles in her right hand." Magistrate's Decision, pp. 3-4. Plaintiff reported increased difficulty and pain in daily life activities such as sleeping, showering, dressing, traveling, cooking, and cleaning. Additionally, plaintiff is no longer able to engage in activities such as biking, sailing, and gardening without experiencing significant pain and discomfort. Plaintiff even reported increased pain and discomfort while riding in an automobile. Furthermore, plaintiff is now in a constant state of pain and suffers from hypersensitivity to heat and cold. Swartz now assists with many of the household activities, such as cooking and addressing envelopes as well as trimming plaintiff's finger nails, which she reports to be an extremely painful activity. The court does not agree that the magistrate's recommendations are "excessive and unsupported by the evidence." Accordingly, defendant's first and second objections are OVERRULED.

{¶ 8} In their only objection, plaintiffs argue that the magistrate erred in finding that plaintiffs had failed to prove that plaintiff's injuries were the cause of her resignation from her employment. The magistrate was persuaded by the testimony of plaintiff's supervisor that even after plaintiff's surgery, she continued to be an excellent employee. The magistrate noted that no one suggested that plaintiff resign her position and that plaintiffs had previously considered the possibility of plaintiff retiring early so that they could spend more time together. Finally, the magistrate noted that plaintiff admitted that she was able to complete her assigned duties despite the limitations with her hand. The court agrees with the magistrate's determination. Accordingly, plaintiffs' objection is OVERRULED.

{¶ 9} Upon review of the record, the magistrate's decision and the objections, the court finds that the magistrate has properly determined the factual issues and appropriately applied the law. Therefore, the objections are OVERRULED and the court adopts the magistrate's decision and recommendation as its own, including findings of fact and conclusions of law contained therein.

{¶ 10} Judgment is rendered for plaintiffs in the amount of $400,878.88 which includes the filing fee paid by plaintiffs. Court costs are assessed against defendant.

The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
PATRICK M. MCGRATH
Judge

cc:

Anne B. Strait
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Robert M. Scott
416 North Erie Street, Suite 400
Toledo, Ohio 43604-5622

003
Filed May 6, 2013
To S.C. Reporter October 31, 2013